Davis' Adm'r vs. Smith & Bradley.

---

DAVIS' ADM'R. vs. SMITH & BRADLEY.

1. The distinction between a duty created by law, and one created by the party, is an established principle of our law. When the law creates a duty, and the party is prevented from performing it, without any default in him, and he has no remedy over, the law will excuse him. But when the party, by his own contract, creates a charge or duty upon himself, he is bound to make it good, if he may, notwithstanding any accident, by inevitable necessity; because he might have provided against it, by his contract.

Davis' Adm'r. vs. Smith & Bradley.

2. The lessees of a grist and saw mill and carding machine, are bound to pay the rent, notwithstanding the main posts of the building, supporting all the machinery, were decayed, in consequence of which the building fell and destroyed all the machinery. The defect in the posts was an infirmity to which all timbers are subject, and their liability to such a defect was equally in the knowledge of both parties.

## ERROR to Lafayette Circuit Court.

LEONARD, for plaintiffs in error.

1. It is a principle of natural justice that one who hires the use of property with a view to no other benefit except what may be derived from the use of it, shall not be liable for the rent after the property has been destroyed without any fault on his part: (Rutherfords Inst. 127.)

This principle made part of the civil law, was introduced into the Code Napoleon (article 1722) and the civil Code of Louisiana (art. 2267.) It is now the law of Scotland; (1 Bells. Com. 452,) and produced the old Egyptian law, which provided that if the violence of the Nile should wash away part of the leased land, the rent should be proportionally abated; (Puffendorf, 5 Book Ch. 6 sec. 2.)

This, too, is the principle of the common law in relation to the hiring of personal property, (Story on Bailments, secs. 383 and 384, Harrington vs. Snyder, 3 Barb. sup. ct. Rep. 380,) and English Chancellors formerly struggled hard to incorporate it into the law of that court in reference to real estate; 1 Chan. cases 83, Brown vs. Quitter, 2 Ambler's Rep. 619.

2. Although the old common law authorities, admitting that "eviction of title" extinguishes the rent, declare that the destruction of the property itself leases the tenant still bound, yet the point now presented is not bound by these decisions. Here, the court, assuming that the leased property perished by reason of an inherent defect, not apparent to ordinary observation, declared that this furnished no ground of relief against the payment of the rent, applying the hard rule that governs when the property perishes by an overruling force, to the case where it perishes of an inherent defect. The law will imply a warranty on the part of the lessor that the premises are in a tenantable condition, or if that is not allowable, it must be assumed that the contract is entered into by both parties upon the faith that they are in that condition; and if they are not, that is a good answer to the rent in whole or in part, according to the facts: Smith vs. Marrable, 41 E. C. L. Rep. 263; Shepherd vs. Pybus, 42 E. C. L. Rep. 452; Corvie vs. Goodwin, 38, E. C. L. Rep. 162; Ripley vs. Wrightman 4 McCord's Rep. 448.

HAYDEN, for defendants in error.

1. The lease of the demised premises was a conveyance of the lessor's interest therein for the term of eight months and ten days to the lessee, Smith, in consideration of the rent agreed upon in that instrument, and there is no covenant, either express or implied, in the contract that the tenants, &c , were sound and durable, or that they would endure or continue during the whole or any particular part of the term, to answer the objects and purposes for which the said Smith rented them, and therefore, the said defendants, under the circumstances of this case, have no right to the deduction from the rent claimed and demanded in their answer. As to the interest in the demised premises, conveyed by the lessor to the lessee: See Archibald on Landlord and Tenant, p. 31 and 32.

2. It was competent for the defendants in this case to have stipulated against the payment of rent upon the happening of the event which has taken place, and, having failed to do so, they cannot take advantage of their laches. The contract is an executed one on the part of

Davis' Adm'r. vs. Smith & Bradley.

the lessor, and the defendants, as tenants under it, are in the position of a purchaser of the premises for the term; and, as in all other express and unconditional contracts, both parties must abide their solemn acts.

It is well settled in England and in the United States, that neither a court of law nor a court of equity will relieve against an express contract to pay rent, upon the ground that the premises have been destroyed by fire or any casualty whatever, unless there is an express stipulation to that effect.   2d. Kelly's Rep. 126, and following, 2 Strange 763; 3 Kent's Com. 465-8; 3 John. 44.

There is no reason why the lessee should claim an exemption from the payment of rent in a case like the case at bar, which would not apply with equal force to the cases above referred to and I cannot conceive upon what ground the defendant in this case can rely in his defence.

If the ground is to be taken and maintained, that because this court doubts the reason or propriety of an established rule of law, it may reject the rule and substitute another for it; then all principles are again thrown afloat on the ocean of uncertainty without any compass but the discretion of the Judge.   The foundation of the law is not laid on such a fluctuating basis.   It has been pronounced by the greatest jurists to be the perfection of reason, not of every man's natural reason, but an artificial perfection of reason, gathered by long study, observation and experience; 17 Serg. & Raule. 324; Coke Lit. 97,

SCOTT, J., delivered the opinion of the court.

This was an action begun by the appellee, Davis' adm'r., against the appellants on a sealed instrument of the 18th April, 1848, by which Davis, the appellee, leased to the appellants until the 25th December, 1848, a grist and saw mill and carding machine, situated on Blackwater, in Johnson county, for $225, payable at the expiration of the term. The appellants, the lessees, set up the defence, that at the time the lease was made, the main posts of the building, which supported all the machinery, were damaged and rotten, and the defect was unknown to the lessees and not apparent to ordinary observation; and that in consequence of this defect, the posts gave way shortly after entering under the lease; the building fell and destroyed the machinery.   This was communicated to Davis, the lessor, and the appellants, the lessees, abandoned the premises.

These facts appearing on the trial, the court directed in favor of the appellee and there was a verdict and judgment accordingly, and the cause was brought to this court.

The distinction between a duty created by law, and one created by the party is an established principle of our law.   When the law creates a duty and the party is disabled to perform it without any default in him and he has no remedy over; the law will excuse him.   But when the party, by his own contract, creates a charge or duty upon himself, he is bound to make it good, if he may, notwithstanding any accident, by inevitable necessity, because he might have provided against it by his contract, and therefore, if a lessee covenant to repair a house, though

it be thrown down by a tempest or destroyed by enemies, yet he is bound to repair it, and if he covenant to pay rent for a house, though it be burnt down, yet he is liable for the whole rent: Lord. R. 1477. "The entire estate or fee is divided into parcels. The tenant is owner of his term, subject indeed to the payment of rent. The landlord is owner of the reversion. The first has agreed to pay his rent as the consideration for his estate in the premises. The other has paid his money for the entire property. Equality is equity, where the act of God or accident destroys the property, it is a loss which ought to fall on each in proportion to his interest:" Tuckers. Com. The analogy attempted to be drawn from the case of a lease of furnished rooms, after proving untenantable, and that of contracts for manufactured articles, not answering the purpose for which they were bought, in which it was held, in the one case, that the rooms might be abandoned, and, in the other, that the articles might be returned; cannot help this case. That furnished rooms, let for a particular purpose, should answer the object in renting them is not unreasonable. Here it is not pretended that the mills did not answer the ends for which they were leased. There was no warranty of the soundness of the materials with which the house was built, and there is no pretence of any misrepresentation or concealment on the part of the lessor. The defect in the posts was an infirmity to which all timbers are subject, and their liability to such a defect was equally in the knowledge of both parties. No one, in leasing his house, is understood to warrant, by implication, that the materials of which it is composed are sound. In a sale of a limited interest in any chattel, there is no implied warranty of soundness on the part of the vendor.

The other judges concurring, the judgment will be affirmed.