NICHOLAS H. FULKERSON, Appellant, v. CHARLES H. EADS, Respondent.

Kansas City Court of Appeals, December 7, 1885.

1. CONTRACT—FAILURE TO PERFORM—DAMAGES RECOVERABLE.—For the violation of every legal right, nominal damages, at least, will be allowed.   The failure to perform a duty or contract is a legal wrong, independent of actual damage to the party for whose benefit the performance of such duty or contract is due.   "The damages which the law infers from the infraction of a legal right are absolute ; they cannot be controverted ; they are the necessary consequent.   The act complained of may produce no actual injury ; it may, in fact, be beneficial by adding to the value of the property or by averting a loss which would otherwise have happened, and still it would be equally true in law and in fact, that it was in itself injurious, if violative of a legal right.   The implied injury is from that circumstance." 1 Sutherland on Damages, 13.

2. ———— CASE ADJUDGED.—By the *terms* of the contract, in this case, it was plaintiff's legal right, under the lease, to have his land

plowed in August and his wheat sowed in September; there was no qualification or limitation to the contract; it was absolute.

*Reversed and remanded.*

APPEAL from Johnson Circuit Court, HON. NOAH M. GIVAN, Judge.

The facts are sufficiently stated in the opinion.

SAMUEL P. SPARKS, for the appellant.

I. The failure of defendant to perform the express covenants in the contract of letting, "to plow the land in the month of August, and to sow the wheat by the twentieth of September," rendered him liable for nominal damages, at least; and the court erred in modifying plaintiff's first instruction, which precluded such recovery. *Metzner v. Graham*, 66 Mo. 582; 1 Sutherland on Damages, 9–16; *Davis v. Smith*, 15 Mo. 306.

II. As to the re-letting of the tenant house by plaintiff, it was an act for the benefit of defendant, and knowledge and acquiescence on his part was ratification. *Turner v. R. R.*, 51 Mo. 501; 62 Mo. 579; *Hutchinson v. Jones*, 79 Mo. 496; Article on Ratification, 19 Cent. L. J. 482.

III. The instructions for defendant were erroneous in precluding the recovery of nominal damages, and in being inconsistent with other instructions given in the cause. *Haysler v. Owen*, 61 Mo. 270.

IV. Where a party by his own contract creates a charge or duty upon himself, he is bound to make it good, if he may, notwithstanding any accident, by inevitable necessity, because he might have provided against it by his contract. *Davis v. Smith*, 15 Mo. 306.

V. The averments of the answer, claiming recoupment are not supported by the evidence. The affidavits in support of motion for new trial entitled plaintiff to another trial, and the verdict cannot stand.

O. L. HOUTS, for the respondent.

I. The failure of defendant to perform the cov-

enants in the contract to plow and sow the land, at the time stated, did not render him liable for damages, either actual or nominal, when performance by him was prevented "by circumstances over which he had no control and could not reasonably have provided against," and he made substantial performance within a reasonable time thereafter. *Elliott v. Bobb*, 6 Mo. 324; 1 Parsons on Contracts ( 6 Ed. ) 671–673; Bishop on Contracts, sections 610–631 inclusive. The facts in *Davis v. Smith* (15 Mo. 467), are wholly unlike this case, and the doctrine therein has been modified, if not repudiated, in this state, and elsewhere. See authorities cited, *supra.*

II. After the breach, plaintiff, according to his own testimony, without objection, permitted defendant to plow, sow and reap, make performance, and received his part of the proceeds. This would be a waiver of any claim for damages on account thereof.

III. The plaintiff's instructions were properly refused. He did not ask for nominal damages at the trial; he cannot try the case upon one theory and present it upon another here. *Walker v. Owens*, 79 Mo. 563; *Whetstone v. Shaw*, 70 Mo. 575. Under the pleadings he was not entitled to them. Nor is he entitled to a new trial on the ground of surprise. He should have taken a non-suit and not proceed, and set up surprise in the event of defeat. *Bragg v. Moberly*, 17 Mo. App. 221.

IV. The rule as to measure of damages laid down in the instructions of defendant was the same as in those given plaintiff. On the whole record the case was fairly tried; the judgment was for the right party, and should stand.

ELLISON, J.—Plaintiff leased to defendant a tract of land for farming purposes; a portion thereof was, by the terms of the lease, to be put in wheat, and it was therein stipulated that "the remaining sixty acres to be put in wheat, the ground to be broke in the month of August, 1882, and the wheat sowed by the twentieth day of September, 1882."

Defendant did not break the ground nor sow the wheat as he stipulated in his written contract, and plaintiff brings this action for damages, assigning the foregoing failure, among others, as the breach.

There was evidence in the cause tending to support plaintiff's case and that he was materially damaged by defendant's failure to comply with portions of his contract as set forth in the lease. There was, also, evidence on the part of defendant tending to support the defence he set up in his answer, viz. : that he plowed the land and sowed the wheat as soon after the time mentioned as possible. That he was damaged by plaintiff pasturing the wheat and permitting others to do so, etc. The verdict and judgment was for defendant. Plaintiff claimed the right to nominal damages, at least, for the breach of the contract to plow and sow within the time stipulated. Defendant denied the right, and in this view the court framed the instructions.

It is a principle that for the violation of every legal right, nominal damages, at least, will be allowed. And the failure to perform a duty or contract is a legal wrong, independent of actual damage done to the party for whose benefit the performance of such duty or contract is due. 2 Sutherland on Damages, 11, 13. "The damages which the law infers from the infraction of a legal right are absolute, they cannot be controverted; they are the necessary consequent. The act complained of may produce no actual injury; it may, in fact, be beneficial, by adding to the value of the property, or by averting a loss which would otherwise have happened, and still it would be equally true in law and in fact that it was, in itself, injurious, if violative of a legal right. The implied injury is from that circumstance." *Ibid,* 10.

By the terms of the contract, in this case, it was plaintiff's legal right to have his land plowed in August, and his wheat sowed in September; there was no qualification or limitation in the contract; it was absolute.

In speaking of this question, Judge Scott, in *Davis*

*v. Smith* (15 Mo. 467), says : "The distinction between a duty created by law and one created by the party is an established principle of our law.   When the law creates a duty and the party is disabled to perform it, without any default in him, and he has no remedy over, the law will excuse him.   But when a party by his own contract, creates a charge or duty upon himself, he is bound to make it good, if he may, notwithstanding any accident, by inevitable necessity, because he might have provided against it by his contract."

Defendant, however, says this doctrine has been modified, if not repudiated, in this state.   In this he is in error.   The doctrine is not only not modified, but is expressly approved and re-asserted in *Harrison v. Ry. Co.* (74 Mo. 364, 371).

The cases of *Elliott v. Bobb* (6 Mo. 324), cited by defendant, as well as those involving the identical question to be found in *Perkins v. Reed* (8 Mo. 33) ; *Perry v. Beardslee* (10 Mo. 572) ; (s. c. 14 Mo. 88), are not analogous to this, and are distinguished from the principle contended for by plaintiff.   These cases were for the non-return of slaves hired, and went off on questions involving the law of bailment, not here involved.

The judgment will be reversed and the cause remanded.   All concur.