GEORGE W. HALL, Respondent, v. SCHOOL DISTRICT NUMBER TEN, Appellant.

Kansas City Court of Appeals, January 10, 1887.

1. PRACTICE—ABSTRACT OF RECORD—CLERICAL ERROR—CASE ADJUDGED.—Where, in the abstract of the record, there is a date which is evidently a clerical error, and the abstract of the record further on corrects itself by giving the proper and actual date, the appeal will not be dismissed because of such erroneous date so corrected as aforesaid.

2. CONTRACT—OBLIGATION OF—SELF-IMPOSED DUTY NOT PROVIDED

Against—Rule Governing.—Where a party, by his own contract, creates a duty or charge upon himself, he is bound to make it good, notwithstanding any accident by inevitable necessity, because he might have provided against it by his contract. But the great principle upon which the rule is based is, the *intention of the parties.* The law gives a reasonable construction to all contracts.

3. —— Employment for Service in a Particular Building —Case Adjudged.—Where one is employed to do any work in a particular building for a series of days, the burning of the building by inevitable accident would stop the employer's liability for wages. In such case wages can only be recovered for the work actually performed. *Held*, The parties, in this case, must have contemplated the continued existence of the school house, for the period of time named in the contract, in obedience to the requirements of the provisions of the statute (Rev. Stat., sect. 7046), and the burning of the school house stopped the defendant's liability *pro tanto*, the duty of performance being one created by law, and not one created by contract. *Ellison, J., dissents.*

4. Teachers' Wages—Monthly or Term Reports—Essentials of in Order to Recovery.—Where a teacher in a school district failed to make out and file with the clerk of the school district the monthly report required by the statute (Rev. Stat., sect. 7079), the board of directors of the school district had no power to order the payment of such teacher's wages under the statute (Rev. Stat., sect. 7071), and he could not lawfully recover judgment against the school district on account of a claim which the statute prohibited it from paying. *Ellison, J., dissents, as to the period not taught.*

Appeal from Schuyler Circuit Court, Hon. Andrew Ellison, Judge.

*Reversed and statement dismissed.*

Statement of case by the court.

This was an action, begun before a justice of the peace, for the recovery of sixty dollars, the balance alleged to be due on a contract made by the defendant with the plaintiff employing him as a teacher for the period of four months.

The plaintiff had judgment before the justice.

The defendant appealed to the circuit court.

In the latter court the case was submitted to the court, without the intervention of a jury, on the following agreed statement of facts :

"It is agreed, between the parties to this cause, by their attorneys, that plaintiff was employed by defendant, at a special meeting of its directors, for a term of four months, as claimed by written contract on file with the papers in this case, and by order of the board, that he taught two months and fifteen days, and was paid in full for the two months' service. That the school house burned accidentally, in January, 1885, without the fault of the defendant or its directors, and that plaintiff has made no monthly report for either of the last two months of term, nor term report, and that on account of the failure of defendant to provide a house after the burning, plaintiff could not complete the term, and that plaintiff has ever since held himself in readiness to take charge and complete the term."

The court declared the law to be as follows, for the plaintiff:

"1. It appearing from the evidence that plaintiff has been paid and judgment rendered for the full time he actually taught; then no objection can be made for the failure to make report for the period after the burning of the school house.

"2. It being admitted plaintiff was legally employed to teach for four months upon written contract, in which no provision was made against accident or destruction of the building, and it being admitted plaintiff was at all times ready and willing to complete the school, and no room was furnished him, the finding must be for plaintiff for the full term of four months less the amount paid him."

The court refused to give, among others, the following declaration of law asked by the defendant:

"The court declares the law to be that unless it appears from the evidence, plaintiff had filed with the district clerk a monthly report for the time taught by him for which he had not been paid prior to the institution of this suit; then as to the amount claimed by him on account of the one-half month's services, the finding must be for defendant."

The court found in favor of plaintiff for the whole amount sued for, and rendered judgment accordingly. The defendant has appealed to this court.

Shelton & Dysart, for the appellant.

I.   The evidence shows neither a monthly nor a term report made by plaintiff for the two months on account of which this suit is brought, prior to the institution of this suit.   Hence the action must fail.   Rev. Stat., sects. 7071, 7079.

II.   The element of mutuality is essential to all contracts ; hence, if an unforeseen contingency, such as sickness or death, would excuse performance on part of plaintiff, so also must the contingency arising in this case excuse defendant from further performance.   2 Sutherland on Damages, 457 ; *Jennings v. Lyons*, 39 Wis. 553 ; *Wolfe v. Homes*, 20 N. Y. 197 ; *Ryan v. Dayton*, 25 Conn. 188 ; *Fuller v. Brown*, 25 Neb. 440 ; *Knight v. Bean*, 22 Maine, 531 ; *Laken v. Pollard*, 43 Maine, 463 ; *Green v. Gilbert*, 21 Wis. 395 ; *Harrington v. Iron Works*, 119 Mass. 82.

III.   Plaintiff, in any event, can only recover for time taught, and then only when his reports are in. *Cleary v. Lobier*, 120 Mass. 210 ; *Hays v. Baptist Church*, 3 West Rep. 829.

IV.   The language of the statutes (Rev. Stat., sects. 7071, 7079) is unqualified, that no warrants can be drawn until the reports therein provided for are first filed, and no exceptions are made.

V.   If recovery can be had in this case at all, it can only be had for the time actually taught.   The instructions asked by defendant declared the law of the case, and should have been given.

C. C. Fogle, for the respondent.

I.   Defendant's *appeal* must be dismissed, because he failed to file an *affidavit* stating that he *believes* that he is aggrieved by the judgment, etc.   Rev. Stat., sect.

3712. Also it should be dismissed, because he failed to file an *affidavit* and bond, *during the term* of the court at which judgment was rendered. *State ex rel., etc., v. Keuchler,* 83 Mo. 193 ; *Brown v. Railroad,* 83 Mo. 478. Also it should be dismissed, because, according to defendant's abstract of record the case was never submitted to the court, until the seventh of May, 1886, and no motion for new trial or in arrest of judgment, or *affidavit* for appeal were filed any time in 1886.

II. The instructions given by the court declared the law in the case, and the finding was for the right party. When a party by his contract creates a duty or charge upon himself, he is bound to make it good, notwithstanding any accident by inevitable necessity, because he might have provided against it by his contract. *Harrison v. Railroad,* 74 Mo. 371 ; *Davis v. Smith,* 15 Mo. 325; *Gibson v. Perry,* 29 Mo. 245 ; *Dewey v. School Dist.,* 43 Mich. 480 ; *Adams v. Nicholas,* 19 Pick. (Mass.) 275 ; 2 Parsons on Cont., 184 ; Chitty on Cont., 274 ; 3 Kent's Comm., 467 ; Hutch. Carriers, sect. 317 ; *Atkins v. Ritchie,* 10 East. 530 ; *Deming v. Railroad,* 48 N. H. 455. Even the act of God will be no defence to suit for breach of contract, if terms of it could have been substantially carried into effect by defendant. 2 Parsons Cont., 806.

III. Plaintiff could not make a *monthly* report, because he did not teach for the last two months ; he could not make a *term* report because he did not teach the term out. The law requires no impossibilities or foolish things. In the case of *Arnold v. School Dist.* (78 Mo. 229), plaintiff tendered his services and *monthly* reports during the whole term of his contract, but made no *term* report. The court held that the single question was, whether the directors had the lawful right to terminate the plaintiff's contract, etc.

IV. The law concerning the subject matter of the contract enters into and becomes a part of it. Defendant contracted with plaintiff to furnish him a school

house and to keep it in *good condition and repair.* Hence defendant was bound to furnish a school house, or be liable to plaintiff for not doing so. Rev. Stat., sect. 7044. See also authorities cited under paragraph II.

## I.

HALL, J.—The plaintiff's counsel make the point that the appeal should be dismissed. The point is based upon the statement contained in the defendant's abstract of the record that this case was submitted to the circuit court on the agreed statement of facts on May 7, 1886.

The date is evidently a clerical error, and the error has been corrected in the copies of the abstract on file in this court, the year having been changed from 1886 to 1885. But the abstract of the record further on corrects itself, for further on it states that the court, under the instructions and the evidence, found the issues and rendered judgment for the plaintiff on November 3, 1885. The appeal will not be dismissed.

## II.

Was the burning of the school house, caused by inevitable accident, a good defence for the defendant as to the portion of the term subsequent thereto ?

The rule is, "that when a party by his own contract creates a duty or charge upon himself, he is bound to make it good, notwithstanding any accident by inevitable necessity, because he might have provided against it by his contract." *Paradine v. Jane*, Aleyn, 26; *Harrison v. Railroad*, 74 Mo. 371.

The principle upon which the rule is based would seem to be, from the very language of the rule, the question, what was the real intention of the parties? "because," as stated by the rule, if the party did not so intend, "he might have provided against it by his contract." And it has been said that, "The great prin-

ciple upon which all the adjudged cases" (upon this subject) "in all the courts is based, is the question, what was the real intention of the parties? The law gives a reasonable construction to all contracts." *Wolfe v. Homes*, 20 N. Y. 200; *McMillan v. Vanderlip*, 12 Johns. 165.

That the rule on the subject is simply the enforcement of the intention of the parties to the contract is found from a study of the adjudicated cases and text books treating of this subject. Thus, where the lessee contracts unconditionally to pay rent for a house, " though it be burnt down, yet he is liable for the whole rent." Lord R., 1477; *Davis' Adm'r v. Smith & Bradley*, 15 Mo. 469. But it is conceded that, in the case of a lease of furnished rooms, upon their proving untenantable, the lessee might abandon them. *Davis' Adm'r v. Smith & Bradley, supra.* The reason is that in the first contract the implication is that it is the land which the lessee takes, and of which he must bear the burdens as well as the benefits, while in the second, he takes only the rooms, and when they are untenantable, possesses nothing which is of any value to him. 1 Wharton on Contracts, sect. 318.

If one undertakes to deliver a certain quantity of potatoes a failure of crops will not excuse a failure to comply with the contract; but a contract to deliver "a certain quantity out of a specific crop of potatoes is *pro tanto* avoided by a failure of the crop, so that the specified quantity is not produced." 1 Wharton on Cont., sects. 314 and 315.

The reason is that in the first case the contract was unconditional, while in the second "there was an implied term that each party should be free if the crop perished."

If one contract to build a house on the land of another, and the house is, before its completion, destroyed by fire, without his fault, he is not thereby discharged from his obligation to fulfill his contract. *School Dis-*

*trict v. Dancley,* 25 Conn. 530 ; *Adams v. Nichols,* 19 Pick. 275.

But in a case where A agreed with B to give him the use of a music hall on specified days, for the purpose of holding concerts, and before the time arrived the building was accidentally burned, it was held, that both parties were discharged from the contract. It was said by the court :   "The principle seems to us to be, that in contracts in which the performance depends upon the continued existence of a given person or thing, a condition is implied that the impossibility of performance, arising from the perishing of the person or thing, shall excuse the performance."   And the reason given for the rule is "Because from the nature of the contract, it is apparent that the parties contracted on the basis of the continued existence of the person or thing."   *Taylor v. Caldwell,* 113 E. C. R. 824 ; *Dexter v. Norton et al.,* 47 N. Y. 65 ; Wharton on Contracts, sect. 300, and notes.

The principle that a condition will be implied in the contract itself in order to carry out the evident intention of the parties has been applied in numerous cases, where the contract was based upon the continued existence of a given person or thing.   The principle has been applied where a painter made a contract to paint a picture, or an author to compose a work, or an apprentice to serve his master a specified number of years ; and the principle seems to apply to all contracts where the party contracting to render the service must do so in person, and would not, under the contract, be permitted to do so by a substitute.   *Dexter v. Norton et al., supra;* Wharton on Contracts, sect. 323.   The principle has been applied in the sale of a specified horse (Benj. on Sales, 424) ; in a contract by an actor to play for the manager of a theater (*Spalding v. Rosa et al.,* 71 N. Y. 41) ; and in a contract to carry specified goods in a named vessel. Wharton on Cont., sect. 322.

The principle seems recognized by all the courts of this country and England which have discussed the sub-

ject, and denied by none. In the German law there is the same rule, the rule being "the clause *rebus sic stantibus* is to be implied in cases where by either the nature of the contract or its express terms the contract would be inoperative without such assumption." Wharton Contracts, sect. 315, note 2. Which is in substance the same as the statement of the principle made by Ellsworth, J., that "I should rather say, because it is implied that the thing shall be prolonged or life shall exist, or else the contract, of course, cannot be broken." *School District v. Dancley*, 25 Conn. 537. And the rule is a rule of the civil law. *Dexter v. Norton et al.*, *supra;* Pothier on Contracts and Sale, art. 4, sect. 1, p. 31.

It would seem to follow from the authorities cited that, where one is employed to do any work in a particular building for a series of days, the burning of the building by inevitable accident would stop the employer's liability for wages. No case, in which this special question has arisen, has been found in the reports of this country or England ; but, in Wharton on Contracts (sect. 322), it is stated that Mommsen, a distinguished German law writer, after a review of all the authorities, has announced as a part of his conclusion, that "when a laborer is employed to work for a series of days in a particular building, the burning of the building stops the employer's liability' for wages. In such case wages can only be recovered for the work actually performed."

The plaintiff in the present case was employed to teach the school of the defendant school district, for the period of four months. That is to say, he was employed to teach, for such period, a school *in the school house then owned by the defendant*. The parties must have contemplated the continued existence of the school house for the said period of four months as the basis of the teaching during said time. The period of time during which the school was to be taught was named in the

contract in obedience to the requirement of the provisions of Revised Statutes, section 7046. Said section empowers the board of directors of a school district to employ teachers, and provides that the contract shall specify the number of months the school is to be taught. The contract must be construed in the light of those provisions of the statute. Considering that the plaintiff was employed to teach in a certain building, that the period during which he was to teach was stated in obedience to the requirements of the statute, we are satisfied that in the contract the condition, if the school house should exist for such period of time, should be implied. If the school house had burned before the beginning of the school term, the burning of the school house would have stopped the defendant's liability under the contract. The burning of the school house during the school term stopped the defendant's liability *pro tanto*.

It is true that the duty to keep the school house in good condition and repair during the school term rested upon the defendant's board of directors, but such duty was imposed, not by the contract, but by Revised Statutes, section 7044. And the rule is, "that where the performance of a duty or charge created by law is prevented by inevitable accident without the fault of the party he will be excused." *Dexter v. Norton et al., supra; Davis' Adm'r v. Smith & Bradley, supra.* The distinction is between a duty created by law and one created by contract. For this additional reason we do not think that the contract can be construed to mean, that the defendant insured the existence of the school house during the school term of four months.

The defendant was liable on the contract for the time actually taught by the defendant, and for that time only. As said before, the burning of the school house stopped the defendant's liability.

## III.

Could the plaintiff recover in this action for the one-half of a month taught by him without first having filed with the clerk of the school district the monthly report for such time required by Revised Statutes, section 7079?

By said section it is provided that, "It shall be the duty of every teacher to make out and file with the district clerk, at the expiration of each month, a report of the number of pupils in attendance during the month, distinguishing between male and female, the average attendance, and such other statistics as the directors may require * * *."

By section 7071 the payment of the school district's indebtedness is provided for, on warrants ordered by the board of directors. Said section contains the following proviso: "provided, however, that no order for the payment of teachers' wages shall be drawn in favor of any person not holding a certificate of qualification, signed by the county commissioner or state superintendent, or in favor of any teacher *delinquent in his monthly or term reports*."

At the end of the month, for one-half of which he had taught, the plaintiff should have made out and filed with the clerk of the school district the monthly report required by section 7079. Until this had been done, the board of directors of the school district had no power, under section 7071, to order the payment of the plaintiff's salary or wages for such half month. The plaintiff could not lawfully recover judgment against the defendant on account of a claim which the statute prohibited the defendant from paying. Until the plaintiff had made and filed said monthly report he could not recover in this action for the one-half of a month taught by him.

This case was submitted upon an agreed statement of facts. From it, it appears that the plaintiff made no

such monthly report for said half month; and it does not appear that the defendant made a tender in this case of the amount due for said half month. The plaintiff and defendant have both filed abstracts of the record; from neither does it appear that any tender was made, but from both it does appear that this case was sub-- mitted on the agreed statement of facts. Hence the circuit court must have been in error in declaring that it appeared from the evidence that the defendant had tendered judgment for the one-half month taught by plaintiff.

It thus appears that the court, on the agreed state-- ment of facts which is to be treated as a special verdict, should have rendered judgment in favor of the defend-- ant both as to the half month actually taught by the plaintiff and that part of the school term subsequent to the burning of the school house.

It follows that the judgment is reversed, and state- ment dismissed. Philips, P. J., concurs.

Ellison, J., Dissenting.—I am unable to concur in the foregoing opinion. The rule is "that when a party by his own contract creates a duty or charge upon himself, he is bound to make it good, notwithstanding any accident by inevitable necessity, because he might have provided against it by his contract." *Harrison v. Railroad*, 74 Mo. 364, 371; *Fulkerson v. Eads*, 19 Mo. App. 620. Not even an *absolute* impossibility will be a defence with failure to comply with the engagement. Hutchinson on Carriers, sect. 317; Angell on Carriers, sect. 294. Parties should look out for such contingencies when they make their contracts. I cannot say, with my associates, that plaintiff contracted "to teach a school in *the school house then owned* by the defendant. No such provision is in the contract. That the parties may have contemplated the school would be taught in the school house then owned by defendant is quite likely, but it was a mere matter of contemplation, or expectation, and

not of contract. So in contracting with a carrier, the parties may contemplate the freight will pass over a certain bridge, indeed without the bridge it may be impossible to move it, yet if the bridge be destroyed by inevitable accident, it would not be contended the carrier would be discharged from liability. In *Fulkerson v. Eads* (*supra*), the contract was to break out a certain piece of ground in the month of August; a drouth made it impossible to do so. The parties, doubtless, contemplated the possibility of the performance, yet this court held defendant liable for damage. If the law was that a school could only be taught in the school house in existence at the time of the contract, then the assumption of the majority of the court that the contract was limited by an implied condition that the school house should remain undestroyed would be correct. For the contract would be with reference to the law. But if such is not the law, then such is not the condition. In many parts of the state, especially in villages, the school house is not large enough to accommodate the pupils and additional houses are rented. In such case what is the implied condition in the contract? It is quite common to rent a school house during the erection of a new one. It frequently happens that a new and more commodious school house will be erected by a school district in lieu of one which might well serve the purpose for a longer time. If the new one is burned down, leaving the old one intact, would it be contended that the directors could prevent the teacher recovering his wages because the building in which the parties contemplated the school would be taught was destroyed, although the other remained in every way suitable for the purpose? If it were unlawful for directors to use but the one building as before stated, if it were unlawful for them to rent, or to accept of another building without rent; if it were unlawful for them to rebuild immediately, as in some instances they might do, then we might properly

assume the contract was with reference to the one build-ing. As the law is, I can conceive of no special sanctity of any particular building in which a district school must be taught.

The citations in the majority opinion are not, in my judgment, applicable to this case. This case falls within the rule as quoted above. *Dewey v. The Union School District*, 43 Mich. 480. In that case the directors were compelled to close the school on account of the preval-ence of small-pox. They refused to pay the teacher for the period not taught by him. He brought suit and re-covered. The court says: "Beyond controversy the clos-ing of the school was a wise and timely expedient; but the defence interposed cannot rest on that. It must ap-pear that observance of the contract by the district was caused to be impossible by act of God. * * * The contract between the parties was positive and for lawful objects. On one side school buildings and pupils were to be provided, and on the other personal service as teacher. * * * Admitting that the circumstances justified the officers, and yet there is no rule of justice which will entitle the district to visit its own misfortune upon the plaintiff. * * * It was the misfortune of the district, and the district and not the plaintiff ought to bear it. The occasion which was presented to the dis-trict was not within the principle contended for. It was not one of absolute necessity, but of strong expediency. To let in the defence that the suspension precluded re-covery the agreement must have provided for it, * * * and the contract cannot be regarded as tacitly sub-ject to such condition."

II. As to the third branch of the case, I agree that the teacher should have made his report for the half month taught by him. It would seem from plaintiff's first instruction, that judgment was tendered or offered for the half month taught, yet no such offer appears in the record and we must take it that such was not the case, however the actual fact may have been.

As to the period not taught, I am of the opinion the monthly report was not a condition precedent to plaintiff's recovery. There was nothing to report. Revised Statutes, section 7079, providing for such reports, says he must report the number of pupils in attendance during the month, distinguishing between male and female, and such other statistics as may be required. But the defendant has prevented this by its own act. The defendant has not furnished the subject matter for such report. Section 7071 provides that no order shall be given for any teacher's wages who is "delinquent in his monthly or term report." Delinquency is a failure of duty, and implies voluntary conduct, but here the failure is by the fault of defendant and of which it should not be permitted to take advantage.