R. W. MIDDLETON, Appellant, v. CALVIN MOORE *et al.*, Respondents.

**Kansas City Court of Appeals, May 20, 1889.**

Bond to Convey: BREACH: NOMINAL DAMAGES. The breach of the instrument, an anomaly, set out in the opinion, entitles the plaintiff to recover nominal damages without showing actual damages.

*Appeal from the Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

REVERSED AND REMANDED.

*Hollis & Hamner*, for the appellant.

The demurrer to the evidence of plaintiff should have been overruled by the court. 3 Pars. Cont. [ 6 Ed.] mar. pp. 355-6; 2 Pars. Cont. 512-513; 3 Pars. Cont. 218, and authorities cited in note "G"; *Fulkerson v.*

*Eads*, 19 Mo. App. 620 ; *Hays v. Delzell*, 21 Mo. App. 679 ; *Haynes v. Connelly*, 12 Mo. App. 595. The demurrer admits all alleged and proven facts and all that can be reasonably inferred from the pleadings and evidence. *Wilson v. Bd. of Ed.*, 63 Mo. 137 ; *Brink v. Railroad*, 17 Mo. App. 177 ; *Fisher v. Railroad*, 23 Mo. App. 201 ; *Noeninger v. Vogt*, 88 Mo. 589. The petition states a cause of action on this obligation. It alleges the purchase and sale of the three houses and payment for same, and sufficiently describes their location for this kind of action ( this not being a suit for specific performance ), states time deed was to be made, and recites the obligation securing same, which is sued on, alleges its conditions, the breaches, and damages, and prays for judgment. The bond is also sufficient. A defective or "inaccurate description will not necessarily defeat an instrument." Parsons on Cont., p. 513, *supra*. A bond for money with a penalty for not doing a certain thing will be held to be a contract to do that thing. 3 Pars. on Cont. [ 6 Ed.] pp. 355–6, *supra*. "Any writing under seal which acknowledges a debt or indicates that the maker intends to be bound to the payment of a definite sum of money would be construed as a bond." 2 Pars. Cont. 512. It will be seen by reading the latter part of the evidence of plaintiff that the court sustained the demurrer by reason of the following answer of plaintiff to a question : "It was not worth anything if he didn't have it." We can not see how this, taken with the other evidence, can be tortured into an admission that he was not damaged. However that may be, the principle, that a plaintiff, upon proving that the defendant has broken his contract with him, is entitled to nominal damages, if no more, is so elementary that we refrain from citing further authority. This ruling seems to us like offering the defendant a premium on his rascality, and reversing the maxim, "no one shall take advantage of his own wrong."

No brief for respondent.

ELLISON, J.—This is an action for damages in which the trial court sustained a demurrer to plaintiff's evidence, and he appeals here for reversal.

The case is bottomed on the following bond :

"Know all men by these presents, that we, Calvin Moore and ——————————, are firmly held and bound to R. W. Middleton in the sum of three thousand dollars, lawful money, and truly to be paid. Now the conditions of the above bond are that, whereas, said Calvin Moore is bound to convey to said Middleton, or his order, an equity on three houses on Indiana avenue, between Twenty-second and Twenty-third streets, in Kansas City, Missouri, as shown to said Middleton by said Moore, and formerly owned by Mr. Chase, and subject to $1,810 on each : Now if said Moore shall cause said houses and lots upon which they are situated, or other equities in houses in this city equally as valuable and satisfactory to said Middleton, to be conveyed to said Middleton or to his order in ten days, then this obligation to be void ; otherwise to remain in full force and effect.

"Witness our hand and seal this December 11, 1886.

"CALVIN MOORE.    (Seal.)
"W. H. CONSAUL.    (Seal.)"

From this instrument and the evidence in connection therewith, it appears that defendant Moore was to convey to plaintiff three houses and lots on Indiana avenue in Kansas City, Missouri, subject to a mortgage on each for eighteen hundred and ten dollars, or if he did not convey such property, he was to convey other property in the city equally as valuable and satisfactory to plaintiff. The instrument is an anomaly. But since the action is for damages and not for specific performance, and since in the former action much less certainty

is required in the matter of description of the subject-matter of the contract, as well as of its terms, we are of the opinion it is sufficient upon which to maintain the action.

The contest, so far as we are able to gather it from the meager way in which it has been presented, respondent filing no brief, is as to whether nominal damages may not be recovered, though no actual damage is shown. We think plaintiff entitled to such judgment, notwithstanding no actual damage be proved. *Fulkerson v. Eads*, 19 Mo. App. 620 ; *Haynes v. Connelly*, 12 Mo. App. 595 ; 3 Pars. Cont. 218, note " G." We will therefore reverse the judgment, and remand the cause. All concur.