T. E. LAW & COMPANY, Defendant in Error, v. J. R. PAXTON, Plaintiff in Error.

Kansas City Court of Appeals, April 2, 1906.

1. CONTRACTS: Prevention of Completion: Damages: Action. Where one party to a contract renounces the same, thereby preventing its completion, the other may sustain an action for his proper damages.

2. ————: Failure to Perform: Inevitable Accident: Sinking Well: Action. When one engages to do a thing he is bound so to do or be liable in damages notwithstanding such thing is beyond his power to perform, or becomes impossible by inevitable accident; so, where a well-digger by his unqualified con-

tract undertook to sink a well producing so much water and at a point selected by the other party to the contract, and is unable to sink the same by reason of the drill becoming fastened, and the other party refuses to allow him to sink another well, the well-digger has failed to perform his contract and is not entitled to recover the agreed price per foot.

Error to Caldwell Circuit Court.—*Hon. Joshua W. Alexander,* Judge.

REVERSED.

*Crosby Johnson & Son* for plaintiff in error.

(1)  The petition fails to state facts constitutive of a cause of action.  Plaintiff was not prevented carrying out his contract by the Act of God, the law or the defendant.  1 Am. and Eng. Ency. of Law (2 Ed.), 588; Haynes v. Baptist Church, 88 Mo. 290.  (2) The finding and judgment are against the law and evidence.  Wright v. Fullerton, 60 Mo. App. 451; Harrison v. Railroad, 74 Mo. 364; Jones v. Water Works Co., 65 Mo. App. 388; Vincent v. Harrison, 58 Mo. App. 497.  (3) The duty on plaintiffs, having been imposed by their voluntary contract, was not excused by accidental fastening of drill bar.  Fruin v. Railroad, 89 Mo. 407.  (4) The measure of damages adopted by the court was erroneous. Austin v. Keating, 21 Mo. App. 34.

*Frank B. Klepper* and *James E. Goodrich* for defendant in error.

(1) The plaintiff's case is on all fours with Thompson v. Brown, 76 N. W. 819, 106 Iowa 372.  (2)  Party may commit breach of contract by renouncing it, or rendering it impossible of performance.  Gabriel v. Brick Co., 57 Mo. App. 520-526; Holpin v. Manny, 57 Mo. App. 59; Pond v. Wyman, 15 Mo. 183.  (3)  In an action against employer for preventing complete performance of a contract, contractor is entitled to recover the con-

tract price for work actually done. Gabriel v. Brick Co., 57 Mo. App. 520-526; Murphy v. Black, 78 Mo. App. 316; Pond v. Wyman, 15 Mo. 183; Fitzgerald v. Pond, 50 Mo. 516-524. (4) In construing contracts, courts will look at all of the circumstances, the nature of the property, the usages of the business and the methods of doing the class of work contemplated. North v. Herbert, 59 Mo. App. 560; Davis v. Hendrix, 59 Mo. App. 444; Brannack v. Elmore, 114 Mo. 55; Carney v. Water & Light Co., 76 Mo. App. 532; Williams v. Railroad, 153 Mo. 487 (1. c., 534.) (5) Defendant having prevented plaintiff's performance of the contract, it will be presumed that plaintiffs would have performed contract had they not been stopped. Reynolds v. Clark County, 162 Mo. 680. (6) The words in the contract, "at the place indicated by the party of the second part," did not authorize defendant to make an unreasonable, arbitrary or impossible indication, nor to confine the location in so narrow a district as a particular six inches. Barthold v. Electric Light Co., 165 Mo. 280, 309-310; Rhodes v. Lumber Co., 105 Mo. App. 279.

ELLISON, J.—The plaintiffs contracted in writing to drill a well for defendant which would afford him not less than thirty barrels of water per day. The place for the well was to be, and was, selected by defendant and he was to pay fifty cents per foot for depth of dirt and one dollar per foot for depth of stone. The defendant was to furnish casing for the well and was to board the plaintiffs' employees needed in the prosecution of the work. There was no exception in the contract and so far as shown by its face the engagement to drill the well was absolute.

Plaintiffs prosecuted the work through eight feet of dirt and two hundred and fifty feet of stone, when their drill became fastened in the well in such way that they could not draw it out. They then offered to drill another well adjacent, no charge per foot to be made until after

passing the depth of the abandoned well. The defendant refused to allow it. Plaintiffs then left the premises and, claiming that defendant had wrongfully and without cause abandoned the contract, brought this action for the price per foot as agreed upon.

Plaintiffs' case is bottomed on the idea that where one of the parties wrongfully prevents the completion of a contract by renouncing it, the other party may bring his action for proper damages. We find no fault with such view. It is supported in a well-considered opinion by Judge GILL in Gabriel v. Brick Co., 57 Mo. App. 520.

But we do not think that defendant renounced the contract; nor do we think that he wrongfully prevented plaintiffs from completing it. The question of which of the parties is in the wrong, under the terms of the contract, depends upon its proper construction under the law. The contractual engagement of plaintiffs was definite, unconditional and *absolute,* that they would drill a well, at a certain place, for a stated price, which would afford thirty barrels of water a day, the defendant to furnish casing and to board plaintiffs' employees while doing the work. There was no exception made or contingency provided for. It was no part of the contract, as written, that if plaintiffs' drill became fastened they were to have a right to drill another well. The rule in this State has been more than once announced, that if the *law* casts a duty upon one and he becomes disabled to perform it, without his fault, and he has no remedy over, he will be excused. But when such person by his *voluntary contract* engages to do a thing, then he is bound to do it, or be liable in damages, notwithstanding it is beyond his power to perform it, or becomes impossible by inevitable accident, or other contingency, not foreseen and not within his control. [Davis v. Smith, 15 Mo. 467; Harrison v. Railway, 74 Mo. 364; Haynes v. Baptist Church, 88 Mo. 285, 289; Whittemore v. Sills, 76 Mo. App. 248.] In the latter case, in char-

Law & Co. v. Paxton.

acterizing this pronouncement of the law, we wrote that: "So strict is this rule and so firmly grounded is it in our jurisprudence, that even the Act of God will be no excuse for nonperformance. In School District v. Dauchy, 25 Conn. 530, it was urged that where the thing contracted to be done becomes impossible by the Act of God, the contract is discharged. But the court said: 'This is altogether a mistake. The cases show no such exception, though there is some semblance of it in a single case which we will mention. The Act of God will excuse the not doing of a thing where the law had created the duty, but never where it is created by the positive and absolute contract of the party. The reason of this distinction is obvious. The law never creates or imposes upon anyone a duty to perform what God forbids or what He renders impossible of performance, but it allows people to enter into contracts as they please, provided they do not violate the law.' And our Supreme Court has repeatedly held the same. [Collier v. Swinney, 16 Mo. 484; Taylor v. Steamboat, 20 Mo. 261; Davis v. Smith, 15 Mo. 467.]"

Defendant may very well stand on the law as thus written; for what assurance would he have had that plaintiffs' drill might not again become fastened, or that the drill hole might become obstructed, or other unforeseen accident happen; and so successive attempts and failures succeed each other, he in the meantime supporting plaintiffs at his table.

We have been cited, in support of plaintiffs' view, to the case of Thompson v. Brown, 106 Iowa 367. The case does countenance the recovery here, but it is so entirely out of line with the rule in this State that we cannot give it the weight we ordinarily attach to decisions of that court.

We are of opinion that the judgment should have been for the defendant and it is consequently reversed. All concur.