SAMUEL COHEN vs. ALEXIS MORNEAULT.

Aroostook.    Opinion July 14, 1921.

*As a general rule a person is liable in damages for non-performance of an unqualified contract to do a lawful thing, nothwithstanding the performance may have been rendered impossible by inevitable accident subsequent to making of contract. But a contract may be qualified expressly or impliedly, depending on the intention of the parties as disclosed by the contract, as to constitute a defense.   The measure of damages is the difference between the contract price and the market value at place of delivery at time of breach.*

The defendant agreed to sell to the plaintiff a carload of potatoes to be delivered at the Harlem River.   The car that he shipped for the evident purpose of performing this contract, while in the possession of the railroad company at Etna, Maine, was through accident totally destroyed by fire.   The defendant did not offer the plaintiff any other potatoes to take the place of those destroyed but in effect disclaimed any obligation to do so.

*Held:*

1.   That the destruction of the consignment did not relieve the defendant from liability to perform his contract.

2.   That the plaintiff is entitled to judgment for damages measured by the difference between the contract price and the market value of the potatoes at the place fixed for delivery at the time of the breach.

On report.   An action on breach of contract.   January 3, 1920, the defendant residing at Grand Isle, Maine, entered into an agreement to deliver to the plaintiff at Harlem River, New York, a carload of potatoes in bulk at $3.65 per cwt., and on January 6, 1920, the defendant shipped a car of potatoes consigned to Harlem River, New York, in pursuance of such agreement.   On January 7, 1920, while the car of potatoes was at Etna, Maine, in custody of the Maine Central Railroad Company, in transit, it was destroyed by fire through accident without any fault of defendant, and defendant refused to ship another car relying on the proposition that the destruc-

tion of the car of potatoes by fire relieved him from any further liability under the contract. By agreement of the parties the case was reported to the Law Court on an agreed statement of facts for full determination of the rights of the parties. Judgment for plaintiff for $575.66 with interest from date of writ.

Case is stated in the opinion.

*A. B. Donworth*, for plaintiff.

*Shaw & Cowan*, for defendant.

SITTING: CORNISH, C. J., SPEAR, PHILBROOK, DUNN, WILSON, DEASY, JJ.

DEASY, J. The defendant contracted to sell to the plaintiff a carload of potatoes. To recover damages for non-delivery of these potatoes this suit is brought.

The contract was entered into through the agency of one A. F. Heald, a produce broker doing business in Boston.

It is evidenced by the following three communications all dated Jan. 3, 1920.

Telegram from Heald to Morneault. "Ship car bulk Sam Cohen Bronx Pro House New York Three sixty-five cwt. delivered Harlem River quick acceptance—"

Telegram from Moreault to Heald. "Message received accept offer will ship Tuesday."

Confirmation by mail. Heald to Cohen. This communication specifies the kind and quality, confirms the quantity as one car and the price as $3.65 cwt. delivered Harlem River. It contains these phrases "Shipping instructions prompt shipment delivery Harlem River allow inspection."

In sending the above quoted telegram to the defendant Heald was acting as agent for the plaintiff. In mailing confirmation he was acting as agent for the defendant. In both cases he was duly authorized. These facts are shown by stipulation.

On Jan. 6, 1920 the defendant shipped a car of potatoes consigned to order of Alexis Morneault destination Harlem River, New York. The bill of lading contained the direction "notify Sam Cohen at Bronx Prod House, N. Y." On Jan. 7, while the car of potatoes was at Etna, Maine, in custody of the Maine Central Railroad Company, in transit, it was through accident and without any fault of the

defendant totally destroyed by fire. It does not appear that the plaintiff had any knowledge of the accident until Jan. 28 when the defendant informed him by telegraph.

It is undisputed that the plaintiff has ever been ready to receive the potatoes and pay the agreed price, but that he has been offered none under the contract.

The facts as above recited are undisputed. The defendant does not claim that at the time of the fire the title to the potatoes had passed to the plaintiff. He contends, however, that the destruction of the consignment making it impossible to perform the contract according to its terms relieved him from liability.

The general rule is that when a person enters into an unqualified contract to do a lawful thing he will be held liable to pay damages for non-performance, notwithstanding an inevitable accident occurring after the making of the contract renders performance impossible.

The old and oft-cited case of *Paradine* v. *Jane*, Aleyn, 26 states the principle thus:

"Where the law creates a duty or charge and the party is disabled to perform it without any fault in him the law will excuse him,—but where the party by his own contract creates a duty or charge upon himself he is bound to make it good notwithstanding any accident by inevitable necessity, because he might have provided against it by his contract." 9 Cyc., 628.

"When a party voluntarily undertakes to do a thing without qualification, performance is not excused because by inevitable accident or other contingency not foreseen it becomes impossible to do the act or thing which he agreed to do." *Lorillard* v. *Clyde*, 142 N. Y., 462. See also to same effect the following cases:—*Chicago R. Co.* v. *Hoyt*, U. S. S. C., 37 L. Ed., 625; *Bigler* v. *Hall*, 54 N. Y., 167; *District* v. *Dauchy*, 25 Conn., 530; *Stevens* v. *Lewis Co.*, (Ky.), 185, S. W., 873; *Northern Co.* v. *Dodd*, (Tex.), 162 S. W., 946; *Oakland Co.* v. *Union Co.*, 107 Maine, 285; *Adams* v. *Nichols*, 19 Pick., 276.

But a contract may of course be so expressly qualified that impossibility of performance resulting from some unforeseen accident will constitute a complete defense; or it may be impliedly so qualified. It depends on the intention of the parties as disclosed by the contract. *Berg* v. *Erickson*, 234 Fed., 820; *District* v. *Dauchy*, 25 Conn., 536; *Hall* v. *District*, 24 Mo. App., 213; L. R. A. 1916 F. (Note), 52.

Contracts for personal service are generally by implication conditioned upon the continued life and health of the person who agrees to render the service. The death or disabling illness of such person excuses performance and provides a complete defense to an action for non-performance. *Dickey* v. *Linscott,* 20 Maine, 453; *Lakeman* v. *Pollard,* 43 Maine, 463; *Chapin* v. *Little Blue School,* 110 Maine, 415.

The authorities also generally hold that a contract to sell and deliver certain specific articles of personal property is impliedly conditioned upon the continued existence of the specific property which is the subject of the contract, and that an accidental destruction of it without fault of the vendor will excuse performance.

*Dexter* v. *Norton,* 47 N. Y., 65. (Sale of certain specific bales of cotton).

*Walker* v. *Tucker,* 70 Ill., 543. (Contract to work mine,—mine exhausted).

*McMillan* v. *Fox,* (Wis.), 62 N. W., 1052. (Contract for sale of specified piles of lumber).

*Howell* v. *Coupland,* L. R., 9 Q. B., 462. (Contract for sale of potatoes to be grown on certain land).

But the authorities next above cited do not apply to the instant case.

The defendants counsel quotes at length and relies upon *Dexter* v. *Norton,* 47 N. Y., 62. But this case involved a contract for the sale of certain bales of cotton, specific, definite, marked and described. The delivery of no other cotton would have satisfied the contract.

In the pending case the agreement was not to sell and convey a particular car of potatoes, but a car of any potatoes answering a certain description. The contract contained no condition express or implied. The defendant made an unqualified agreement. He failed to perform it. The destruction of a car of potatoes did not render its performance impossible. The defendant is liable in damages. The rule of damages is plain. It is the difference between the contract price and the market price at the time of breach at the place fixed for delivery. On Jan. 28 the defendant notified the plaintiff that the car had been destroyed by fire. No other potatoes were offered under the contract. The telegram seems to have been understood by the parties as a repudiation by the defendant of any obligation to make the loss good.

At that date the plaintiff could have protected himself from further loss by purchasing potatoes in the market.   Before that time he had no reason to so protect himself.   The market value on Jan. 28 must be taken in determining damages.   *Boyd* v. *Dunn Co.*, 41 N. Y. S., 391; *Ashmore* v. *Cox*, 1 Q. B., 436; 2 Sedgwick on Measure of Damages, 737.

Taking as a basis the weight of a car of potatoes, and the market value on Jan. 28 these facts being shown by stipulation, the plaintiff's damages are five hundred seventy-five dollars and sixty-six cents.

> *Judgment for the plaintiff*
> *for $575.76 with interest*
> *from date of writ.*