LOUISA SCHOETTGEN, Plaintiff in Error, *v.* D. A. WILSON *et al.,* Defendants in Error.

1. *Damages — Officers, liability of, for torts of employees — Allegations in action for. — What averments necessary.* — A warden or inspector of the State penitentiary will not be liable in damages for the torts of a convict, on the mere averment that they carelessly and negligently suffered the convict to go at large, whereby the injury resulted, etc. Under the statute (Wagn. Stat. 983–5, §§ 2, 5, 6, 17, 25) it was discretionary with the officers to determine how and in what manner convicts employed outside of the penitentiary should be suffered to go at large. And officers, acting in a discretionary capacity will not be liable unless guilty of either willfulness, fraud, malice, or corruption; or unless they knowingly act wrongfully and not according to their honest convictions of duty.

*Error to Cole Circuit Court.*

*Lay & Belch,* for plaintiff in error.

The office of defendants was mainly ministerial, and if they were in this case acting judicially, this fact must be set up in an answer, and proven like any other defense. So the court erred in sustaining the demurrer. (7 How. 130; Greenl. Ev. 399; 12 How. 404–5; 17 Verm. 609; Shearm. & Redf. Negl. 188, §§ 158–9, note 1; 26 Mo. 65; 35 Me. 129; 1 Sandf. Pl. 7; 16 Barb. 303; 3 Metc. 314; 3 Cranch, 331; 8 Mass. 389; 45 Penn. 450.)

Again, a distinction is made when the discretionary power is conferred on a ministerial officer; it is optional whether he will act or not. (1 Caines, 566; 2 Caines, 313–15; Warne v. Vorley *et al.*, Eng. L. & Eq. 218.) In this case, at most the matter was optional, and they were not compelled to act. To permit the convicts to go beyond the walls can only be justified by necessity; and if that necessity did not exist, the act was not only unauthorized by law but criminal. (1 Bish. Crim. Law, 231.) There is little distinction between a positive will to do wrong and an indifference whether a wrong is done or not. (Bish. Crim. Law, 130.) Carelessness may be criminal. This applies in negligent omission of legal duty. (Bish. Crim. Law, 230; Arch. New Crim Pr. 9.)

But the petition not only negatives any authority, but charges the act to have been done unlawfully. It charges defendants with the crime of permitting or suffering an escape. (Wagn. Stat. 482, §§ 41–2; Bouv. Law Dic.; 2 Black, 1048.)

The only discretion in the warden in working convicts outside the prison is the expediency of employing them outside. (Wagn. Stat. 985, § 25; Shearm. & Redf. Negl. 165; 3 N. Y. 463; 1 Denio, 595.) This cannot be construed to violate section 41, p. 482, Wagn. Stat. And if it should appear that the convict had been permitted to go at large unattended, and more especially he had been sentenced to the prison for the heinous crime of rape,

how can it be said that defendants are not also liable? (Am. Law Reg. 701, from 36 Cal. 478-9; Lick v. Madden *et al.*, *id.* 208, § 213.)

*H. B. Johnson*, for defendants in error.

I. Where public officers are required by law to exercise discretionary powers, they cannot be held liable civilly for a mistake of law or a mere error of judgment, when they act without fraud or malice. (Reed v. Conway, 20 Mo. 22; Donahoe v. Richards, 38 Me. 379; Wheeler v. Patterson, 1 N. H. 90; Griffin v. Rising, 11 Metc. 339; Jenkins v. Walden, 11 Johns. 121; Tompkins v. Sands, 8 Wend. 462; Stephenson v. Hall, 14 Barb. 222; Wilson v. Mayor, 1 Denio, 595; Rail v. Potts, 8 Humph. 225; Pike v. Megoun, 44 Mo. 491; Allen v. Blunt, 3 Sto. 742; Martin v. Mott, 12 Wheat. 31; Kendall v. Stokes, 3 How. 97; Wilkes v. Dinsman, 7 How. 89; Turner v. Sterling, 2 Ventris, 26; Ashley v. White, 2 Lord Raym. 938; Harman v. Tappenden, 1 East, 271; Cullen v. Morris, 2 Stark, 577; Shearm. & Redf. Negl., § 156 and note.)

II. Permitting a prisoner to go beyond the prison walls unguarded is not, *per se*, an unlawful act. (2 Wagn. Stat. 985, § 25.)

WAGNER, Judge, delivered the opinion of the court.

The plaintiff alleges in her petition that she is an infant female under the age of fourteen years, and that on the 20th day of July, 1869, David A. Wilson was warden and keeper of the penitentiary at Jefferson City, and that Dallmeyer and Draper were two of the inspectors of the penitentiary at that time; that by virtue of the law in such cases made and provided, the defendants had the care, custody, discipline and police of the prisoners confined therein, and that at the time aforesaid they carelessly, negligently, and unlawfully suffered, permitted and allowed a certain convict and prisoner belonging to the penitentiary to go at large, unattended by guards, without the walls of the said penitentiary; that the plaintiff, in the exercise of her legal

rights, and without any negligence or carelessness on her part, whilst walking at a considerable distance from the penitentiary, was caught by said convict and prisoner, and brutally assaulted, outraged and ravished, for which she claims damages, etc.

To this petition the court sustained a demurrer, upon which judgment was rendered, and the cause is brought up for review on writ of error. The statute places the government and management of the penitentiary in a board of inspectors, and makes the treasurer, auditor and attorney-general inspectors *ex-officio*. The board of inspectors are invested with power to make rules for the government, discipline and police of the penitentiary. They have also the power, and it is their duty, from time to time, to inquire and examine into all the matters connected with the government, police and discipline thereof.

The warden has the charge and custody of the penitentiary prison, with the lands, buildings, tools, implements, stock, provisions, and every other description of property pertaining thereto, belonging to the State; and it is his duty to superintend the internal police and discipline of the penitentiary, as required by the general laws and the rules and regulations prescribed by the inspectors.

The warden is further given authority to employ any of the convicts outside of the prison walls, in making improvements connected with the penitentiary, or at any other labor, under such regulations and restrictions as the inspectors may adopt, when he shall deem it expedient to do so. (Wagn. Stat. 983–5, §§ 2, 5, 6, 17, 25.)

The statute invests the officers above designated with a discretion as to the superintendence and control of the penitentiary and the convicts confined therein. They shall make such rules and regulations as they may deem expedient and proper for the good government thereof, and express authority is given the warden to employ the convicts outside the prison walls in making improvements connected with the penitentiary, or at any other labor, under such regulations and restrictions as the Legislature may adopt. How or in what manner the convicts who are employed outside the prison walls shall be permitted to go at large is

nowhere specified by the law, but is left to the wise discretion and control of the officers.

Officers acting within the scope of their jurisdiction and in pursuance of discretionary power devolved upon them, will not ordinarily be held responsible for an error of judgment. Discretion implies to a certain extent judicial functions; and where an officer acts in such a capacity, to render him personally liable it must be shown that his decisions were not merely erroneous, but that he acted from a spirit of willfulness, corruption and malice; in other words, that his action was knowingly wrongful, and not according to his honest convictions in respect of his duty. (Reed v. Conway, 29 Mo. 221; Pike v. Megoun, 44 Mo. 491; Caulfield v. Bullock, 18 B. Monr. 494.)

In the well-known case of Wilkes v. Dinsman, 7 How. 89, the Supreme Court of the United States held that an officer invested with certain discretionary powers could not be made answerable for any injury when acting within the scope of his authority and not influenced by malice, corruption or cruelty—that his position was at least *quasi* official; and it has often been decided, and appears to be well settled, that the acts of a public officer, on public matters within his jurisdiction, and where he has a discretion, are to be presumed legal until shown by others to be unjustifiable. (Gidley v. Palmerston, 7 Moore, 111; Venderhayden v. Young, 11 Johns. 150; Martin v. Mott, 12 Wheat. 31.) This is not on the principle merely that innocence and right-doing are to be presumed until the contrary is shown, but that the officer, being intrusted with a discretion for public purposes, is not to be punished for the exercise of it, unless it is first proved against him either that he exercised the power confided in cases without his jurisdiction, or in a manner not confided to him, as with malice, cruelty or willful oppression, or, in the words of Lord Mansfield, that he exercised it as if the heart were wrong. (Wall v. McNamara, 2 Carr. & P. 158 and note.)

In Jenkins v. Waldron, 11 Johns. 121, Spencer, J., speaking for the whole court, says: " It would, in our opinion, be opposed to all the principles of law, justice and sound policy, to hold that officers called upon to exercise their deliberate judgments are

17—VOL. XLVIII.

answerable for a mistake in law, either civilly or criminally, when their motives are pure and untainted with fraud and malice."

The averment in the petition is that the defendants "carelessly, negligently and unlawfully suffered and permitted the convict to go at large, whereby the injury resulted," etc.

We have seen that it was not unlawful to employ the convict outside of the penitentiary, for the statute expressly gives the authority in certain cases. The allegation of carelessness and negligence is too indefinite and remote. It is not easy to determine whether the pleader intended to apply the terms illegal, negligent and careless to the action of the board in framing rules and regulations for the working of the convicts when outside of the prison walls, or whether they were intended to apply solely to the action of the warden. The warden was the only person who could control them when they were laboring outside. With their personal management the inspectors had nothing to do. If the officers, acting in good faith, merely erred in judgment, in not adopting rules sufficiently stringent for the government and control of the convicts, they would not on that account be held answerable. To hold them liable it would be necessary to aver and prove that they were guilty of either willfulnesss, fraud, malice, or corruption; or that they knowingly acted wrongfully, and not according to their honest convictions of duty.

That they acted within the sphere of their jurisdiction is not disputed, and there is nothing averred showing that they acted from willfulness or a fraudulent or malicious disregard of the rights of others. Were such the case I have no doubt of their liability, but on the case as presented I think the petition is decidedly defective, and therefore the judgment must be affirmed.

Affirmed. The other judges concur.