## J. D. McCutchen, Respondent, *vs.* T. A. Windsor, Appel-lant.

1. *Schools—Sub-districts—Teachers in—Removal of, by local board—When author-ized—Action of damages—Directors personally liable, when,*—Under the act of 1870, (Wagn. Stat., 1243, § 7, amendatory of Gen. Stat., 1865, p. 258, § 6,) the local directors of a school sub-district have no authority to dismiss a teacher therein, unless for good and sufficient cause shown. And in an action against the board for discharging him, the question of his incompetency, or of the existence of other cause for 'his removal, is one for the jury to deter-mine, and will not be weighed by this court.

Where the action was not on contract, but to recover damages against mem-bers of the board for forcibly dispossessing plaintiff of the school house, and wantonly obstructing him in the discharge of his duty ; *held*, that defend-ants were not acting in the scope of their authority and were individually liable.

*Appeal from Cooper Circuit Court.*

*Hayden & Thompkins*, for Appellant.

"If the defendants as directors of the sub-district employed plaintiff as teacher, they had the right in their official capac-ity in behalf of the sub-district to discharge him, and are not personally liable for such act." The power to manage and control the local interests and affairs of the sub-district is ves-ted in the directors by statute. (Wagn. Stat., 1243, § 7.) It is a broad and general power without qualification, embracing in its range the employment of teachers, and the necessary incident or implied power of removing them when-ever the directors may deem it wise or prudent to do so. Being thus invested with such power, the exercise of it is a duty en-joined by law, and the extent of its exercise is measured by the judgment or discretion of the directors on the emergency in any particular case calling for its exercise. The power of dismissal or removal of teachers in the school law, under which the appellants acted in removing the respondent, is general, and without any of the limitations or conditions pre-scribed by the law of 1865. (Gen. Stat., 258, § 6.) The law under which they acted also constitutes, and is a part of, the contract made between the appellants as directors, and the respondent as teacher, and his removal worked no wrong

which is actionable. (See Gildersleeve vs. Board of Education, 17 Ab. Pr., 201; Rumford vs. Wood, 13 Mass., 199.)

If the directors exceeded their power (which is by no means admitted), and such excess resulted from error of judgment, or mistake, or misapprehension, and not from fraud or malice (of which there is no evidence), then they certainly are not individually liable. (See 2 Hilliard Torts, [3 Ed.] 415, § 2, notes 4, 5; Smith vs. Poor, 40 Me., 415; Mayor &c., vs. Eschbach, 18 Md., 276; Livermore vs. Freeholders, &c., 5 Dutch., 245; 2 Hilliard Torts, 419, § 4; 3 La., 568; 11 La., 41; Godbold vs. Bank, &c., 11 Ala., 191; Vose vs. Grant, 15 Mass., 505; 2 Hilliard Torts, 119; Dil. Mun. Corp., 711, § 755, note 1 and authorities cited.)

If they were charged with fraud or malice, it would devolve on the respondent by evidence to prove it. (Reed vs. Conway, 20 Mo., 33; 26 Mo., 16, *et seq.;* Boisliniere vs. St. Louis County, 32 Mo., 375; Also Dill. Mun. Corp., 214; Wilkes vs. Dinsman, 7 How., 131.)

*Draffin & Muir*, for Respondent.

I. The local directors of a school sub-district have no power to discharge, at pleasure, a teacher before the expiration of his contract. (Sess. Acts, 1870, p. 141, § 7; Finch vs. Cleveland, 10 Barb., 297.)

II. The directors are liable in damages in their individual capacity for their wrongful conduct in dismissing the plaintiff. (Robinson vs. Dodge, 18 John., 357; 17 Wend., 437; 1 Chitty Pl., 77; Pike vs. Megoun, 44 Mo., 494.)

WAGNER, Judge, delivered the opinion of the court.

This was an action against the defendants, two local directors of a school sub-district in Cooper county. The plaintiff alleged in his petition, that on the 30th day of October, 1871, he, having the proper certificate of qualifications, entered into a contract in writing with the defendants as directors of the sub-district to teach a school for the term of five months, for the sum of fifty dollars per month; that he entered upon

the discharge of his duties under the contract, and taught the school for one month; that afterwards, about the 27th of November, 1871, and before the expiration of his contract, the defendants wrongfully, illegally and oppressively, and in the abuse of their official authority, took forcible possession of the school house, and dismissed the plaintiff as teacher, all against the plaintiff's consent, and to his damage, &c.

The main points relied on in the answer were, that the plaintiff was dismissed on account of incompetency, and that the defendant's were acting in an official capacity and were therefore, not individually liable. To this answer a replication was filed. There was a verdict and judgment for the plaintiff.

In reference to the ground of incompetency, it is only necessary to say, that that question was directly and fairly submitted. to the court under proper instructions and found for the plaintiff, and is not reviewable in this court. The only question then is, whether the defendants, in dismissing the plaintiff and forcibly keeping him out of the school house, and thus preventing him from complying with his contract, were in the legal exercise of their official functions, and in consequence thereof are shielded from individual liability.

. Whether the directors possess the authority to dismiss a teacher holding a proper certificate of qualifications, or if they have the authority, when they may exercise it, are questions of some difficulty and involved in great doubt. Under the law of 1865 (Gen. Stat., p. 258, § 6,) it is declared, that "it shall be the duty of the school directors in each sub-district to manage and control its local interests and affairs; to employ teachers, to certify the amount due them for services to the township clerk, who shall draw an order on the county treasurer, as hereinafter provided, for the amount; and to dismiss any teacher at any time for such reason as they may deem sufficient; provided, such dismissal shall receive the sanction of the township board."

In this law the power to dismiss for any reason the directors might deem sufficient is given in express terms. But to

provide against its capricious or arbitrary exercise, a revisory or appellate jurisdiction is vested in the township board. It shows unmistakably that the Legislature did not intend that the directors should have the full power to pass sentence of degradation upon a teacher by dismissing him, unless another body should sanction the proceeding, and where a hearing of the case could be had if desired. But under the law of 1870, which governs this case, the statute is essentially modified and the powers of the directors restricted. For the section above alluded to the following provision is substituted: "It shall be the duty of the directors in each sub-district to manage and control its local interests and affairs. They shall have power to contract with and hire legally qualified teachers for and in the name of the sub-district, which contract shall be in writing, and shall specify the number of months the school shall be taught, and the amount of wages per month." (Wagn. Stat., 1243, § 7.)

The only power delegated to the directors in this section is to employ legally qualified teachers. They must see that he is legally qualified and then they may hire him by making a contract in writing; and, so far as any direct provision in the statute is concerned, here their authority ends. If any power of dismissal exists, it is to be deduced by implication only. Cases might undoubtedly occur, when the teacher was shown to be palpably deficient, grossly immoral, or unquestionably unfit, which would justify and warrant the directors in removing him. But this would amount rather to a breach or violation of the contract on his part than on theirs. In Finch vs. Cleveland (10 Barb. 290), where the law was in substance the same as ours, and empowered the trustees among other things, "to contract with and employ all teachers in the district," it was held, that the trustees had no power to dismiss the teacher without cause and against his consent, before the expiration of his contract. The court pointedly declares: "We are not aware of any law which vests the trustees of a school district with power, at their own pleasure, and without just cause, to put an end to the contract of a

teacher, before the time limited for its expiration." In the case of Gildersleeve vs. the Board of Education (17 Abb. Pr. 201) it is decided by the New York Court of Common Pleas, that under the local law prevailing in the city of New York the power to employ teachers carried with it the power to remove them. But this decision was in a suit for wages, and was based upon the rules and regulations of the Board of Education, which conferred the authority. With us no such rule exists.

Manifestly then, before the directors had the right to dismiss the plaintiff in this case, it was incumbent on them to show a good and sufficient cause for their act. The evidence does not show that cause. The main principle that seems to have actuated them was that they preferred another person. It is true that they set up some other matters, but they are trivial and amount to nothing. But it is not our province to comment on the testimony, as that has been submitted and passed upon by the legitimate and appropriate triers of the facts. It is however insisted, that although the defendants may not have been justified in doing what they did, still, as they acted in an official capacity, they cannot be made individually liable. The rule is firmly established, that officers, acting in a judicial or discretionary capacity, will not be liable unless guilty of either willfulness, fraud, malice, or corruption; or unless they knowingly act wrongfully and not according to their honest convictions of duty. (Schoettgen vs. Wilson, 48 Mo., 253.)

But where trustees, directors, or commissioners do acts not within the scope of their authority, or are guilty of negligence in doing that which they are empowered to do, or are guilty of arbitrary, wanton, or oppressive conduct, they render themselves liable. The action here is not brought upon the contract. It is in the nature of an action on the case according to the old system of pleading. The defendants were not acting within the scope of their authority, when they arbitrarily took possession of the school house and persistently refused to let plaintiff complete his contract. Had

the suit been brought upon the contract, it is clear enough that no personal judgment could have been rendered against the defendants. They might have refused to pay, and although their defense might have been perfectly groundless, and they might have been entirely mistaken in their proceedings, as they were acting officially, they would not have been personally responsible. But this is an action to recover damages for the wrong inflicted on the plaintiff, and for wantonly obstructing him in the performance of his duty. And when the plaintiff showed to the satisfaction of the trial court, that the defendants were guilty of the wrong complained of, I think he was entitled to maintain his action. I am therefore in favor of affirming the judgment.

The other judges concur, except Judge Adams, who did not sit.