THOMAS J. ARMSTRONG, Appellant v. SCHOOL DISTRICT,
ETC., Respondent.

Kansas City Court of Appeals, November 23, 1885.

SCHOOLS—POWER OF DISMISSAL OF TEACHER.—Under the present law,
   since 1874,, the board of directors of a public school district have
   no power to discharge a school teacher for incompetency or immor-
   ality proven.    The law gives the county commissioner power to
   revoke his certificate, for such cause, and when this is done, he is
   disqualified from further teaching in the public schools of that
   county. *Arnold v. School District*, 78 Mo. 226.

APPEAL from Lafayette Circuit Court, HON. JOHN
P. STROTHER, Judge.

*Reversed and remanded.*

Statement of case by the court.

This action was begun before a justice of the peace
to recover for the breach of a contract between plaintiff
and defendant, through its board of directors.    The con-
tract is what is known as a teacher's contract for teaching
a district school.    The contract was made for a term of
six months.    The statement sets out that plaintiff en-
tered upon the performance thereof, and continued for
five months consecutively to teach said school; that at the
end of that period the board of directors, of said district,
prevented him from going on and completing his said
contract, by locking the door of the school house, and in
various other ways prevented him from going on with the
school; that after he had taught for five months, and was
prevented by the directors from proceeding with the
further performance of his contract, the directors paid
him for four months and a half of the time he had taught
and refused to pay him for the residue of the time, the
whole term being stated to be for six months.    The prayer
is for sixty dollars damages.

The contract set out in the statement was entered

into by the plaintiff and the board of directors of the defendant district, and called for a term of six months, at the price of $40 per month, to be paid monthly. The plaintiff had a certificate as such teacher from the county school commissioner, as by law required.

On a trial, *de novo*, in the circuit court, on appeal from the judgment of the justice, the defendant recovered judgment, and the plaintiff has brought the case here by appeal. There was much evidence offered at the trial. The evidence on the plaintiff's part tended to show that he had performed his contract, and taught the school for four and one-half months; that at the end of that time the directors of the school expressed dissatisfaction with plaintiff, and, without notice or trial, made an order, discharging and dismissing him as such teacher; and that thereafter the door to the school house was barred against him, and the stovepipe and drum were taken down and hid; that he had repeatedly offered to go on with the school, and at all times held himself in readiness to complete his contract; but only a few scholars attended thereafter, and finally they ceased.

The defendant's evidence tended to show that the plaintiff was often tardy in reaching the school house in the morning, and often let out school too early in the afternoon; that the discipline of the school was not good; that indecent and immoral conduct was permitted among the scholars; that complaint had been made to the directors by interested parties of these delinquencies; and that they met and discharged the plaintiff, and notified him to quit. They paid him for the time he taught, to-wit: four months and a half.

Plaintiff introduced evidence in rebuttal as to the misconduct of his school, etc.

GRAVES & AULL, for the appellant.

The controlling question is whether the directors had the right to discharge plaintiff from his position in the school as teacher. In 1865 they had this power, under the school law. Gen. Stat., 1865, 258, sect. 6.

In 1870 this was revised so as to *leave out* that part empowering the directors to dismiss. 2 Wag. Stat., 1252, sect. 47, etc. At that time, 1870, a county superintendent was for the first time created, whose duty it was to examine teachers and give certificates of qualification; but no power was *expressly* given him to *revoke*. In any event, the county commissioner, alone, could terminate the relation. *Arnold v. School District,* 78 Mo. 226. This last is decisive of this case, being identical in every respect with the present case.

WALLACE & CHILES and JOHN S. BLACKWELL, for the respondent.

I. Plaintiff was discharged by defendant's directors on sufficient cause and with due notice, and so the jury necessarily found. See, also, Rev. Stat., ch. 150, sects. 7040 to 7079.

II. The county school commissioner has authority to grant certificates to teach and to revoke them, but this was not such a case. *Ib.,* sect. 7083.

III. The case of *Arnold v. School District* (78 Mo. 226), has no application to and does not affect the true issues in this case, which are materially different from the issues in that case.

PHILIPS. P. J.—I. In the consideration of this case it seems to have been lost sight of by the trial court that the action is to recover the stipulated price for the month and one-half only of the term after the plaintiff was discharged or interfered with by the directors.

For the time he actually taught the school, the defendant paid him in full. No matter then what may have been plaintiff's derelictions or delinquencies in keeping or performing his contract during the four and one-half months he taught the school, the services were accepted, adjusted and paid for by defendant. It thereby recognized the performance of the contract up to that time; and any matters going to show failure to perform during that period were concluded.

It, therefore, becomes at once manifest that the position assumed in argument on this appeal by respondent's counsel, that he is not contending for the authority of the board of directors to dismiss and turn away the teacher, but only for the right to show in defence to the action on the contract that plaintiff has not performed on his part its stipulations, is wholly untenable. Having accepted and paid for his services for the four and one-half months, whether he kept the terms of the contract during that period is wholly outside of the real issue presented by the complaint. The issue is, whether he was ready and willing to proceed with the performance of the contract for the remaining one and one-half months, and whether defendant had complied for this period.

How is it legally possible for defendant to interpose or establish the defence that plaintiff did not keep and perform his contract for the month and one-half sued for, by showing that he did not keep school six hours a day, or keep a register, or maintain discipline, and suppress indecent and immoral conduct among the scholars during the four and one-half months preceding, for which it paid him and fully settled? He was not permitted to teach at all during the time for which he sues. How, then, can it be shown that he did not keep school six hours a day, or maintain order or prevent misconduct, etc. ?

The mere statement of the absurdity involved in the defence, now invoked, shows that the verdict of the jury was made to turn on the assumption that for the past misconduct of the plaintiff the board of directors had the power and right to dismiss him entirely, and put an end to the contract. The trial proceeded throughout on this theory.

The first instruction given on behalf of defendant, after reciting the derelictions and delinquencies of plaintiff in conducting the school during the time he taught, concludes as follows: "Then such failures and neglects, on the part of the plaintiff, constitute a breach of his contract, and justified said directors in discharging him

from the service of such district, as such teacher." The second instruction, likewise, after enumerating the instances of plaintiff's failure," to enforce between the male and female scholars of his school the observance of the rules of decorum and decency, or persistently and often failed, without reasonable excuse, to teach such school six hours a day * * * these failures gave just cause to said directors for dismissing or discharging him from the service of such district in such school * * * and that such directors did so dismiss him before the end of the term or session for which he was employed as such teacher, then plaintiff cannot recover in this suit any wages for the remainder of such term or time of employment after such dismissal or discharge."

And as yet more conclusive as to the theory on which the case was tried by the court, in instruction number thirteen, the court told the jury, that "the question for the jury to decide being whether plaintiff had so far failed to perform his contract as elsewhere specified in instructions, as to justify the district, through its board of directors, in dismissing him."

This case was tried before the publication of the opinion, delivered by Martin, C., in *Arnold v. School District* (78 Mo. 226). Had the learned judge who tried the case now at bar, had the light of this decision before him, he would not have tried the case on the assumption that the board of directors had the right, without notice or trial, to dismiss the plaintiff and put an end to his contract. It is expressly held in the case, *supra*, that the power of dismissal for "incompetency or immorality proven" is lodged by the statute with the county school commissioner, and not with the board of directors.

II. The court also erred in withdrawing from the jury the proof made by plaintiff, touching the barring of the school house door, and the carrying away the stove pipe and drum. It was within the issues tendered by the statement. It was proof of the interruption and interference with the prosecution of the contract. Whether the directors, or either of them did it, was a question of

fact for the jury.   It is a very significant fact  that the director upon whom rested the imputation of this miscon- duct "was conspicuous, " at the trial, "by his absence," while his fellow directors were in attendance and testi- fying.

III.   It is not deemed important to review the in- structions given and refused.   They were throughout, on defendant's behalf, constructed on a misconception of the  issues  and the power of the board of directors.   On a re-trial, with the aid of the opinion in *Arnold v. School District, supra,* and this opinion, the court should have no difficulty in framing proper declarations of law.

The judgment of the circuit court is reversed, and the cause is remanded.   All concur.