CLOID S. FRAZIER, Appellant, v. SCHOOL DISTRICT NUMBER 1, TOWNSHIP 50, RANGE 20, SALINE COUNTY, Respondent.

Kansas City Court of Appeals, January 10, 1887.

SCHOOL DISTRICT—POWER TO DISCHARGE TEACHER, WHERE VESTED CASE ADJUDGED.—Where a board of directors of a school district made a contract with a teacher containing a provision for the annullment of the contract when the teacher failed to give general satisfaction, it was not enforceable against the teacher, because outside of the contract prescribed by the statute. The school commissioner alone is competent to discharge a teacher after the execution of the contract between him and the school district. But if the teacher, notwithstanding this, quits, voluntarily, he could not recover, on the contract, against the school district.

APPEAL from Saline Circuit Court, HON. JOHN P. STROTHER, Judge.

*Affirmed.*

Statement of case by the court.

This action was instituted in a justice's court, to recover a month's wages alleged to be due plaintiff from the defendant, a school district, under the statutes of this state. The cause was finally tried on appeal in the circuit court before the court sitting as a jury. The evidence, pertinent to this appeal, showed that in August, 1884, the directors of said school district employed the plaintiff to teach in said district a school for the term of seven months, commencing on the first of September following. The contract between the parties was reduced to writing, and was in the usual form prescribed by statute for such contract, with this additional provision: "It is further agreed that when said Frazier fails to give general satisfaction as teacher that this contract is to be null and void." After the plaintiff had taken charge

and taught said school for one month and a half, the board of directors and patrons becoming dissatisfied with him, the board held a meeting and determined to notify him to quit; and accordingly a majority of the board directed the clerk to notify the plaintiff thereof, and request him to quit.

This notice was accordingly handed the plaintiff by said clerk, while the plaintiff was on his way to the school house. After reading it the plaintiff proceeded to the school house, opened school, and about ten o'clock, A. M., dismissed school, and after locking the door, took and delivered the key to the said clerk, and accepted from the clerk a warrant for the half month, which was all that was then due him.

Before, however, going to the clerk he went to the president of the board of directors, and asked him about the matter. The president informed him of the dissatisfaction, and the action of the majority of the board, informing him that he did not concur therein. And when asked by plaintiff what he should do, the director told him to exercise his own judgment in the matter.

After so receiving his warrant, he testified that for a month or so he was out of employment, and was unable to obtain any; but his pay in his present employment was better than his wages under the contract with the school board, but it cost him more to live. How much more he did not state.

As the court gave an instruction in the nature of a demurrer to the evidence it is not deemed important to state other declarations of law given and refused. The court found the issues for the defendant, and the plaintiff has appealed.

S. B. BURKS and BOYD & SEBREE, for the appellant.

I. The appellant contracted with the directors of the district to teach the school for seven months at forty dollars per month. He was prevented by the directors

from doing so, and was out of employment for one month. Now, unless he was discharged according to law, he ought to recover the contract price for this lost time. He was not discharged according to law. The directors had no legal power to discharge him. *Arnold v. School District,* 78 Mo. 226; *Armstrong v. School District,* 19 Mo. App. 462. The theory of the court by the giving and refusing instructions admits this doctrine, but avoids the effect of it by deciding that the acts of the directors did not amount to a discharge, and that, therefore, the appellant should not have quit the school.

II. This conclusion of the court, we submit, was erroneous. The directors had the control and custody of the school house. They had the right to the possession thereof as against all persons whomsoever, the appellant as well as all others. Rev. Stat., sect. 7044. They did, by the order of record and by the notice to appellant, declare to him that he must quit the school house and deliver possession thereof to the district clerk by delivering to him the key. The appellant simply complied with this request. What else could he have done? Was he to wait for a forcible expulsion, or until the house was barricaded against him? If so, why? If they had the power to keep him out of the house, that power was capable of exercise as well by an order or command as by force.

III. The clause in the contract to the effect, that if appellant failed to give satisfaction the contract should be null, does not affect the case. There is no proof of dissatisfaction in the case except a mere statement of one of the directors. Before the appellant was subject to discharge upon this ground, if at all, he was entitled to have the fact established in a legal way that there was dissatisfaction. The directors had no power to decide this question. We think the appellant was entitled to a judgment, and we respectfully ask that the judgment be reversed.

RICH & RECTOR and THOS. SHACKELFORD, for the respondent.

I. This case is clearly distinguished from *Arnold v. School District* (78 Mo. 226), and *Armstrong v. School District* (19 Mo. App. 462). The evidence in the present case tended to show that plaintiff had voluntarily signed a contract with a condition not specified in the authorized forms of contract. This condition was, that "when said Frazier fails to give general satisfaction as teacher that this contract is to be null and void." The evidence shows that plaintiff knew that most all the patrons were dissatisfied with him as teacher, and was by the directors requested to quit. The written notice offered in evidence informed him that "under the contract" his services were no longer needed. All parties acquiesced in the terms of the condition in the contract, and when plaintiff was notified that under the terms of the contract he must quit, he made no objection, but voluntarily dismissed the school, delivered up the key, received his warrant for the time actually taught, made no pretense that he claimed that he was illegally discharged, and never once offered to perform his contract for the unexpired time. The directors had a right to assume a voluntary abandonment of the contract and a rescission thereof. See *Lynch v. Rosslein*, 7 Mo. App. 597.

II. The finding of the facts by the trial court, under the evidence, is conclusively in support of all the instructions given by the court for defendant. All the instructions are sustained by the evidence. It is unnecessary to cite many authorities to show that the appellate court will not, except in the strongest kind of case, review the findings of fact by the court or jury in the trial court. See *Nearns v. Harbest*, 25 Mo. 352 ; *Chouteau v. The Jupiter Iron Works*, 83 Mo. 73. The circuit court, having found the facts, that plaintiff voluntarily quit teaching school and received his pay for the time taught ;

that plaintiff knowing that he did not give satisfaction, and having received notice from the directors to quit, on the ground that he did not give satisfaction, agreed with the directors to abandon the contract ; that plaintiff voluntarily quit and did not hold himself in readiness to perform, or offer to go on and perform his contract, but permitted, by his conduct, the directors to proceed upon the presumption that he had abandoned his contract, he is clearly estopped from suing for the unexpired time. *Taylor v. Saugrain,* 1 Mo. App. 312 ; *Austin v. Loring,* 63 Mo. 19.

III.   The instructions asked by plaintiff were either not sustained by the evidence, as in his *first* instruction, as the plaintiff *voluntarily* acquiesced in the request of the directors, or was faulty in making a notice to quit a breach of the contract without regard to the attending circumstances, showing a voluntary agreement to quit, as in his *second* instruction.

IV.   The teacher could not be discharged except by the county commissioner, and the act of the directors in ordering a discharge was void, and the district as such is not liable.   *Thrush v. City of Cameron,* 21 Mo. App. 394; *Miller v. Iron Co.,* 29 Mo. 122 ; *Mc-Cutchen v. Windsor,* 55 Mo. 149.

PHILIPS, P. J.—I.   These school districts are *quasi* corporations.   The board of directors, being the creatures of the statute, with all the functions and duties of the directors defined, possess only such powers as are specifically, or by necessary implication, given to them. They can do no more than the law of their creation authorizes.   While the contract made between the board and the plaintiff contained a provision authorizing the' annullment of the contract when plaintiff failed to give general  satisfaction, it was clearly  non-enforceable against the plaintiff, because it was outside of the contract prescribed by the statute.

The school commissioner alone is competent to dis.

charge a teacher, after the execution of the contract between him and the school district. *Arnold v. School District*, 78 Mo. 226 : *Armstrong v. School District*, 19 Mo. App. 462.

When, therefore, the school board notified the plaintiff to quit they were acting outside of their delegated authority, and their act was *ultra vires*, and of no legal effect, as much so as if done by any stranger. *Miller v. Iron County*, 29 Mo. 122 ; *Rumsey Man. Co. v. Schell City*, 21 Mo. App. 175 ; *Thrush v. City of Cameron*, 21 Mo. App. 394 ; *Book v. Earl*, 77 Mo. 246.

The giving of such notice and attempting thereby to end said contract, being a mere naked assumption of power on the part of the school board, was of no force in law. It could not disturb the plaintiff in the prosecution of his contract ; and he should have disregarded it the same as if it had come from any other unauthorized party. The directors do not appear to have done anything further toward the enforcement of their resolution. They employed no force to expel or bar the plaintiff from the free use of the school building, or to prevent any pupil from attendance. On the contrary plaintiff's own evidence shows that after he received the notice to quit he went on, without interruption or molestation, to open school, and taught the same until ten o'clock of that day ; and after being told by one of the directors that he could exercise his own judgment in the matter, he locked up the school building, dismissed his school, and carried and delivered the key to the clerk of the board, accepted his warrant for all the time he had taught, and collected the money thereon. He does not appear to have made any protest, nor to have offered to resume, and continue his performance of the contract.

We cannot see how, under the facts of this case and the law arising thereon, the trial court could take any other view of his conduct than to regard it as a voluntary abandonment of his contract. If he did voluntarily quit, that is without such compulsion as the law recognizes,

he could not recover on the contract against the corporation. *Kimberlin v. Short, post*, p. 643.

II. As already stated, while the provision inserted in the contract, respecting the right to end the contract on the manifestation of general dissatisfaction, was not enforceable against him, yet, if he saw fit, when called upon by the directors to recognize the agreement, and accept a half month's pay without protest, he is now in no situation to complain of the school district. As, under the statute and his contract, his pay was due him only at the end of the month, and the board of directors are only authorized to draw their warrant on the monthly statement furnished by the teacher (*Hall v. School District, ante*, p. 213), the warrant was doubt less drawn in his favor for the half month's pay without such statement in recognition by the board of the stipulation providing for terminating the contract. So it would be inequitable for plaintiff, after thus accepting the warrant, pursuant to the agreement, to hold it while repudiating the very stipulation under which he obtained it.

In the cases of *Arnold v. School District* and *Armstrong v. School District* (*supra*), where the plaintiff sought to hold the district on his contract, it will be seen that there was force employed by the directors to expel or debar the teacher from the school building, and he yielded thereto against his consent. *McCutchen v. Windsor* (55 Mo. 149), was also a case where the suit was maintained against the director individually, who employed force, and the defendant's liability rested on the ground of usurped authority for which the district, as such, was not liable.

III. It is true, as contended by appellant's counsel, that the school board have the care and keeping of the school building, but it does not necessarily follow that this gave to the notice, served at their instance on the plaintiff, the force and effect of a forcible ejection. The title to the property is in the corporation Section. 7044,

Revised Statutes, simply declares that "the care and keeping of the school house, and other property belonging to the district," is imposed upon the board of directors. The very object of this provision is, that such property may be kept and preserved to answer the purpose for which this plaintiff was using it, to conduct a public school therein. So, when the board contracted with the plaintiff and placed him in the building, they were carrying out the very purpose of their supervisory care over the same. He was in by warrant of law, and the board, during his term, had no right, by action at law, or by force, to eject him. Of consequence, the notice performed no valid office ; and had plaintiff seen fit to rely upon his legal rights, it would have been entirely harmless.

IV. Counsel for respondent argued orally, at the hearing of this appeal, the question as to whether, under the statute respecting the organization and management of the public schools, a suit like this for a money judgment against the district is maintainable.

It is not essential to a determination of this appeal that we should pass upon this question. Especially should we decline to accept the invitation to discuss so grave a matter, when not imperative, in view of the fact that the right to maintain such action does not appear to have been questioned by the Supreme Court, when similar actions have been before it for review.

It follows, the other judges concurring, that the judgment of the circuit court is affirmed.