JULES L. RUDY, Appellant, v. SCHOOL DISTRICT OF POPLAR BLUFF, Respondent.

### St. Louis Court of Appeals, March 27, 1888.

1. SCHOOLS, DISTRICT—TEACHER'S CONTRACT.—The directors of a school district cannot violate or abandon a contract made with a teacher in accordance with Revised Statutes, section 7046, because there are not sufficient funds in the treasury, or collectible, to pay the compensation agreed upon.

2. —— —— TEACHERS' REPORTS.—A teacher does not forfeit any right under his contract, or under the law, by failing to make monthly reports when, by action of the directors, the school has been closed, and there is, therefore, nothing to report.

APPEAL from the Butler Circuit Court, HON. J. G. WEAR, Judge.

*Reversed and remanded.*

GEO. H. BENTON, for the appellant: The authorized and executed contract made with a school teacher

cannot be broken by the school directors on the ground that the levy made at the annual meeting of the school district for a teachers' fund is insufficient to raise the amount needed. Rev. Stat., 1879, secs. 7031–46 ; *Wilson v. Board*, 63 Mo. 137 ; *McCutchen v. Windsor*, 55 Mo. 149 ; *Arnold v. School District*, 78 Mo. 226 ; 1 Dillon on Mun. Corp. [3 Ed.] sec. 24 ; *Buchanan v. School District*, 25 Mo. App. 85 ; *Frazier v. School District*, 24 Mo. App. 250 ; *Armstrong v. School District*, 19 Mo. App. 462. The plaintiff in this case was entitled at least to recover the amount admitted to be due the teachers' fund for the year covered by his contract. Rev. Stat., sec. 7073.

I. M. DAVIDSON and HOUCK & KEATON, for the respondent : This school district is a *quasi*-municipal corporation, and the powers of its corporators and directors are minutely prescribed and limited by law. Rev. Stat., sec. 7021 ; *Buchanan v. School District*, 25 Mo. App. 85. The directors had no power to make a contract in this case, and allow the school district to become indebted in this manner and purpose to an amount exceeding the income and revenue provided for the year 1885 ; and their action was to that extent, at least, "*ultra vires*," illegal, unconstitutional, and void. Const. of Mo., art. 10, sec. 12 ; *Board v. Patten*, 62 Mo. 444. And the above provision of the constitution was, and is, self-enforcing, being a prohibition. *Householder v. City*, 83 Mo. 488. This contract being void in part, is illegal and void *in toto*, and plaintiff can recover nothing —no part of the money afterwards collected. *Sumner v. Summers*, 54 Mo. 340 ; *McDonald v. Wagner*, 5 Mo. App. 56 ; *McCoy v. Green*, 83 Mo. 620, 632 ; 1 Wait on Actions and Defences, p. 106, sec. 14. The district is not estopped from defending against this contract—the plaintiff acted at his peril in making the contract. *Cheeney v. Brookfield*, 60 Mo. 53, 54 ; *Board v. Railroad*, 74 Mo. 163, 167. And when the funds failed the contract failed also. *Hall v. School District*, 24 Mo.

App. 213, 219. The plaintiff cannot recover on account of his failure to make monthly and term reports for the time sued for. Rev. Stat., sec. 7071; Acts 1885, p. 241; sec. 1. The directors could not legally draw a warrant nor could the county treasurer pay it. Rev. Stat., sec. 7073; Acts of 1885, p. 242, sec. 1; *Hall v. School District, supra.* It is only where the plaintiff has been prevented from performance by the wrongful acts of the defendant that he is entitled to recover. *Fitzgerald v. Haygood,* 50 Mo. 516, 524; *Hall v. School District, supra.*

THOMPSON, J., delivered the opinion of the court.

This action was commenced before a justice of the peace to recover damages for the breach of a contract. On trial anew in the circuit court it appeared from the evidence that the defendant, by its directors, entered into a written contract with the plaintiff to teach its district school, for the period of ten months, at a salary of seventy-five dollars per month; that the plaintiff entered upon the discharge of the duties required by the contract, and taught the school until eight months of the term of the contract had expired, when the directors closed the school. This they did by adopting and entering upon their record the following resolution:

"April 9, 1886.

"Whereas, it appears that the levy made for school purposes for the year 1885, is not sufficient to sustain a ten months school, it is, therefore, ordered that the school close on the sixteenth day of April, 1886, for the want of funds to pay the teachers, and that written notices be given each teacher, by the clerk, notifying them of said fact.

"E. C. LACKS, Pres."

Thereupon, five days notice was given by the directors, to the plaintiff, of their intention to close the school,—that is, a notice was given to him on Monday, under which the last day of school was the following Friday. He made the teacher's report, as required by

the statute, for the eight months taught by him, includ-
ing the months of March and April, but neglected to
make any report for the month of May, for the reason
that the school was closed and he had nothing to report.
He received pay for the eight months during which the
school was in session, and brings this action for his
salary for the remaining two months provided for in the
contract.

As the cause originated before a justice of the
peace, there was no defensive pleading ; but the defence
set up by the evidence was, that the directors had closed
the school because there were not sufficient funds in the
treasury.    The evidence in support of this defence was
to the effect that, at the previous annual school meeting,
as recited in the record thereof, "it was decided by the
meeting that there be a ten months' school ordered for
the next year, ending June 30, 1886 ;" and that it was
also "ordered that thirty-five cents on each one hundred
dollars valuation of property be levied for teachers'
wages, and twenty-five cents on each one hundred dol-
lars assessed valuation for incidental expenses, for the
next scholastic year." The treasurer of the school
board testified that all the moneys due the teachers'
fund had been paid out on accounts due for salaries for
the eight months, except about one hundred and five
dollars ; that, at the time when the schools were closed,
all the moneys due that fund had not been collected ;
that between three and four hundred dollars were sub-
sequently paid in by the collector after the school year
had expired, all of which was paid out for salaries
except about one hundred and five dollars, as above
stated.    The bill of exceptions recites that this was sub-
stantially the whole testimony, the evidence for the
defendant being only cumulative.

At the close of the testimony the plaintiff requested
the court to declare the law as follows :

" The court declares it to be the law that the legally
authorized and executed contract of the school directors
of a district with a teacher cannot be broken by the

said directors for the reason that enough money cannot be collected into the appropriate fund under the levy made at the annual meeting to meet the obligation incurred under the contract, and that in this case the plaintiff is entitled to recover."

This declaration the court refused to give, and the plaintiff excepted. The court thereupon, sitting as a jury, made a finding and entered judgment for the defendant.

There is no question that a school district is a *quasi* corporation, and that the powers of its corporators and directors are prescribed and limited by statute (*Buchanan v. School District*, 25 Mo. App. 85), and, also, it may be added, by such provisions of the constitution of the state as are self-enforcing. Nor is there any doubt that a person entering into a contract with a school district, through its directors, must, at his peril, take notice of the limited powers of the directors, and if he enters into a contract with them in excess of their powers, no recovery can be had by him thereon. *Cheeney v. Brookfield*, 60 Mo. 53.

But the statute relating to schools empowers the qualified voters of the district, at the annual meeting, by a majority of votes cast "to determine the length of time, if any, in excess of four months, that the public schools of the district shall be kept open and order the proper estimate made therefor—provided, that the entire estimate for such purpose shall at no time exceed one per centum, for any one year, of the assessed valuation of the property subject to taxation within the district." Rev. Stat., sec. 7031, sub-div. 4. This, as already seen, was done by the qualified voters of the defendant district in the present case, according to their record, they fixing the term during which the school should be maintained at ten months.

Another section of the statute empowers the board of directors to contract for the services of teachers in the name of the district, in the following language: "The board shall have power to contract with and employ

legally qualified teachers for and in the name of the district. The contract shall be signed by the teacher and a majority of the directors : it shall specify the number of months the school is to be taught and the wages per month to be paid, and, with the certificate of qualification, shall be filed with the district clerk, who, at the expiration of the term, shall return said certificate to the teacher." Rev. Stat., sec. 7046. The contract entered into in the present instance between the directors of the defendant district and the plaintiff substantially complied with these requirements. We suppose that it is not necessary to go further for the purpose of proving that this was a contract. The statute calls it a contract, and we suppose that ends the question. It could not be a contract without being binding on both parties to it. Our decisions in Missouri have never treated contracts made between school boards and teachers as mere licenses to the teacher to teach at a given rate, revocable at pleasure ; but they, on the contrary, tend toward the other extreme. In *Wilson v. Board of Education*, 63 Mo. 137, a teacher maintained an action for the breach of a contract to employ him and his wife as teachers for a definite period of time. In *McCutchen v. Windsor*, 55 Mo. 149, a teacher was prevented by the local directors of a school sub-district from continuing to teach the school according to a contract made between them on behalf of the sub-district and him, and he maintained an action on the case against them individually for damages for the wrong in obstructing him in the performance of his official duties. In *Arnold v. School District*, 78 Mo. 226, the Supreme Court, two judges dissenting, approved a decision of the late commission to the effect that school directors, having contracted with a teacher to teach the district school for a prescribed term, have no power to discharge him for cause, but that the remedy of the district is to procure the county school commissioner to revoke his certificate, for incompetency or immorality, under the provision of

Revised Statutes, section 7083. This decision was followed by the Kansas City Court of Appeals in *Armstrong v. School District*, 19 Mo. App. 462. In *Frazier v. School District*, 24 Mo. App. 250, the same court went even further and held that a provision in a contract made between a school district through its directors and a teacher for the services of the latter, that the contract may be annulled by the directors in case the teacher shall fail to give general satisfaction, is *ultra vires* and void, because not authorized by the statute, and does not justify a discharge of the teacher. These decisions are quoted for the purpose of showing that the law is, that a contract made by the directors, in conformity with the statute, with a teacher for his services as such, is a *contract*, in the full sense of the term and binding upon both parties as though both were natural persons.

Now, what is the defence to this action? The foregoing statement of the evidence and of the declaration of law refused by the court, show that it is that the directors have the power, without the consent of the teacher, to rescind the contract whenever they shall discover that enough money cannot be collected into the appropriate fund, under the levy made at the annual meeting of the qualified voters of the district, to meet the obligation incurred by the district under the contract. In support of this defence the defendant invokes the provision of section twelve, of article ten, of the constitution of the state. This, so far as material, reads as follows: "No county, city, town, township, school district, or other political corporation or subdivision of the state, shall be allowed to become indebted in any manner or for any purpose to an amount exceeding in any year the income and revenue *provided for* such year, without the assent of two-thirds of the voters thereof voting at an election to be held for that purpose." But the defence here set up fails to show that the revenue "provided for" the school year in question was not sufficient to pay all the teachers; it merely shows that there was a failure to pay into the school district treasury enough for that purpose.

If this is a sound view, then the rights of the teacher, under his contract with the district, may be displaced by the negligence or fraud of the tax collector. If the collector negligently fails to collect the school taxes which are levied, or collects them and fails to turn them over, the directors for this reason may, even upon the brief notice of five days, cancel the contract with the teacher. We are of opinion that this is not the law. Undoubtedly the constitutional provision above quoted is self-enforcing. *Public Schools v. Patten*, 62 Mo. 444; *Householder v. City of Kansas*, 83 Mo. 488. But, in order to make it appear that the contract with the teacher was *ultra vires* on the part of the directors, it must appear that not enough revenue was "provided" longer to continue the school, and not merely that not enough was collected and turned over to the treasurer of the school board.

But under any view of the case the defence fails, since it is shown by uncontradicted evidence that, after the closing of the school, one hundred and five dollars were collected and paid into the hands of the treasurer of the board, which might have been applied, as far as it went, in carrying out the contract between the defendant and the plaintiff. We allude to this circumstance more for the purpose of making it appear that the directors seem to have taken the view that they had the power to cancel the contract with the plaintiff in the exercise of a discretion, whenever they should be of opinion that sufficient revenue would not come in to continue the schools further.

It is contended that the plaintiff has precluded himself from maintaining this action by failing, subsequently to the closing of the school, to make the monthly reports as a teacher required by statute. Rev. Stat., secs. 7071–79; Acts of 1883, p. 89, sec. 1; Acts of 1885, p. 241, sec. 1. The statute first quoted provides "that no order for the payment of teachers' wages shall be drawn in favor of any person not holding a certificate of qualification, signed by the county commissioner or

state superintendent, or in favor of any teacher delinquent in his monthly or term reports." Rev. Stat., sec. 7071. We suppose that the maxim applies in the interpretation of this statute, as elsewhere, that the law does not drive a man to the doing of a vain and foolish thing. What had he to report except that the school had been closed by order of the directors, that he had gone to his room in the schoolhouse and found it closed and no scholars in attendance? In *Hall v. School District*, 24 Mo. App. 213, the schoolhouse was burned down during the school term, and the teacher sued to recover that portion of his salary accruing under the contract for the subsequent portion of the term during which the school had not been kept. It was held that he could not recover upon the substantial ground that it was within the contemplation of the parties to the contract that the school should be kept *in that house*, and that the performance of the contract had been prevented by an unforeseen casualty whereby it was discharged. But the court also held (Ellison, J., dissenting) that the teacher could not recover for the further reason that he had failed to make out and file with the clerk of the school district the monthly reports required by the statute. That case is, on its facts, distinguished from this, in that, there the contract was terminated by a casualty of such a nature that its performance became impossible ; while here it was terminated by the defendant acting through its directors. The defendant could not render the making of these monthly reports nugatory and absurd, and then insist that the plaintiff should not recover his salary because he had not made them. If it is argued that the act of closing the school and discharging the plaintiff was not the act of the defendant, but the unlawful, and hence *ultra vires* act of its directors, the answer is, that the directors had possession of the school building and power to close the school, and the defendant is estopped from taking the benefit of an unlawful act of its agents merely because the act was unlawful.

With the concurrence of Judge Rombauer, the judgment will be reversed and the cause remanded.