J. A. OAKES, Respondent, v. SCHOOL DISTRICT
No. 3, TOWNSHIP 35, RANGE 25 et al., Appel-
lants.

Kansas City Court of Appeals, February 2, 1903.

1. **Schools: DISMISSAL OF TEACHER: POWERS OF BOARD:
FORCE: ACTION.** The school board has no power to dismiss
a legally qualified teacher with whom it has made a contract; and
if it uses force to prevent his complying with his contract its mem-
bers, and not the district, are liable to the teacher.

2. ———: ———: **PLEADING: PETITION.** A petition by a teacher
that he was legally qualified and had a contract with the defendant
district, and that after beginning the performance of his contract
he was discharged by the board and thus prevented from performing
his contract which he was ready and willing to do, and asking for
damages for a breach of the contract by the school district, states
no cause of action.

Appeal from Cedar Circuit Court.—*Hon. H. C. Tim-
monds,* Judge.

REVERSED.

*W. C. Hastin* and *Cole & Burnett* for appellant.

(1)   Plaintiff could not recover against the dis-
trict on account of defendant's officers "discharging"
him, as no officer of the defendant had power to dis-
charge him, if he had ever been legally employed by the
district. R. S. 1899, sec. 9767.   (2)   In discharging a
teacher the directors are not acting in the scope of their
authority, and the district is not liable.   McCutchen v.
Windsor, 55 Mo. 149; Arnold v. School District, 78 Mo.
226; Frazier v. School District, 24 Mo. App. 250.   (3)
If defendant's directors sought to prevent plaintiff
from teaching without force, then he should have ig-
nored their conduct and proceeded with his school.

Frazier v. School District, 24 Mo. App. 250; Emmons v. Gordon, 125 Mo. 636.

*T. L. Nelson* for respondent.

No briefs filed.

SMITH, P. J.—The court below gave judgment for plaintiff on a petition which was as follows:

"Plaintiff states that W. A. Simrell, R. F. Winton and James Belk are the board of directors of school district No. 3, township 35, range 25, of Cedar county, Missouri, the defendant herein, and that said defendant is and was at all the times hereinafter mentioned a corporation duly organized and existing under the laws of the State of Missouri and having capacity through its board of directors to sue and liable to be sued as a corporation.

"Plaintiff for his cause of action states that (he is and was at all times hereinafter mentioned a legally qualified schoolteacher and that) on the 20th day of March, 1902, the defendant, the school district aforesaid by its legally authorized officers, entered into a written contract with plaintiff to teach the public school in said district for a term of three months beginning the twenty-fourth day of March, 1902, at the sum and price of thirty dollars per month to be paid monthly.

"And plaintiff further says that in pursuance of said contract and in compliance with the terms of said contract on his part, he taught said public school two weeks of said term and was afterward discharged and prevented from further continuing to teach the balance of said term, by the defendant's said officers and was ready and willing at all times to so continue to teach said school to the end of the three months' term contracted for and otherwise comply with the terms and conditions of said contract on his part.

"Plaintiff further says that by reason of the wrongful discharge and prevention by the said officers of the

defendant from continuing his contract he is damaged in the sum of ninety dollars, for which he prays judgment.''

If the petition does not state facts sufficient to constitute a cause of action, as the defendants contend, then it was error to give such judgment; and error, too, apparent upon the face of the record which we may review. It will be observed from the allegations of the petition that the plaintiff does not claim that he taught the school for the term required by the contract and that he is therefore entitled to recover therefor the amount of wages therein stipulated, but the claim is for damages resulting on account of the action of the defendant's officers in discharging and preventing him from teaching the school and thereby performing his contract.

By referring to section 9763, Revised Statutes, it will be seen that when a legally qualified teacher has been employed under a contract entered into with the board of directors of a school district to teach a school for a specified number of months, that it is not in the power of such board to dismiss him. If a board of directors dismiss a teacher it exceeds the limits of its statutable authority and its act in doing so binds no one. It is *ultra vires.* If directors by the employment of force prevent a teacher from complying with his contract, then such directors and not the district are liable to him for the damages resulting therefrom to him. Frazier v. School District, 24 Mo. App. 250; McCutchen v. Windsor, 55 Mo. 149; Arnold v. School District, 78 Mo. 226. As the discharge of the plaintiff was *nil* and as the directors did not by the employment of force prevent him from continuing to teach the school, no reason appears why he did not continue to teach the entire term.

He is thus left in the situation of neglecting, without any legal justification or excuse, to perform his contract. He must allege performance, or that which is its legal equivalent, in order to state a cause of action. The

petition states no more than that he entered into a contract with defendant's officers to teach a three months' term of school and that he failed and neglected to teach such term, and thus failed and neglected performance of the contract, so that under the facts alleged his conduct and discontinuing to teach the school for the entire term required by the contract was, in legal effect, a voluntary abandonment of his undertaking; and accordingly, we must conclude that no cause of action is stated entitling him to recover damages against the defendant district for breach of the contract.

The facts alleged in the petition, if true—which we may, for the present purpose, assume to be the case— most clearly disentitle plaintiff to recover, and it therefore necessarily must follow that the petition is insufficient to support the judgment, which will be accordingly reversed.    All concur.