Judge'Ewiñg
delivered the Opinion of the Court.
This is an action of covenant brought against Wood, as constable; and his sureti.es, on his official bond; and the 011^ involved is—can a defendant in an execution, as relator, sustain a suit on the official bond of a constable, for his failure to make due return of the pro-* „ . r , , , , . cess of execution, alter he- has made the money out ot the property?
We have no doubt hfe can. The law, as well as the condition of his bond, requires that he, “shall well and-“truly execute-and due return malte of all process and precepts to him directed and to him delivered;” and this covenant is as well for the benefit of defendants in-executions, as plaintiffs. And it has been-settled by this1 Court, that the action will lie at the instance of the plaintiff as relator. 5 J. J. Mar. 360. And we can perceive no reason why it may not lie in behalf of the defendant. The law authorizes any person who may be injured bj* a breach of the condition of his bond, to sue. The defendant has a deep interest in- the return of the execution, as furnishing him record' evidence of the discharge of his debt. The condition of the constable’s bond is- broken, by his failure to make clue return of the'writ, according to’ the command thereof, and he is subject, at least to nominal damages, to the defendant, and to more, if any special injury has accrued. And this also, has-been heretofore decided by this Court.
It is therefore the opinion of the Court, that the judgment of the Circuit Court be reversed, and the cause re-man'ded,- that the demurrer to the declaration be overruled, and further proceedings had, not inconsistent with this opinion.