STATE to the use of RICHARD N. ALEXANDER, Appellant, v. FREDERICK W. PLASS *et al.*, Respondents.

St. Louis Court of Appeals, January 2, 1894; Motion for Rehearing Overruled May 1, 1894.

1. **Notary Public:** BREACH OF CONDITION OF BOND. A notary public is guilty of a breach of the conditions of his official bond, when, in his certificate of acknowledgment to a deed purporting to convey land, he falsely certifies to the acknowledgment of the execution of the deed by the grantor named therein.

2. ———: ———: DAMAGES. If such grantor has no title whatsoever to the land which the deed purports to convey, a person who relies upon the deed as a conveyance of the title can not recover substantial damages in an action on the notary's bond, but is entitled to nominal damages.

*Appeal from the St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

REVERSED AND REMANDED *(with directions).*

*C. M. Napton* for appellant.

*S. S. Merrill* and *Kehr & Tittman* for respondents.

State to use v. Plass.

BOND, J.—This action is upon the official bond of a notary public for a false certificate of acknowledgment of a deed made and delivered by said notary to one Greene, who thereby secured plaintiff's indorsement of a note, which said deed purported to secure and which plaintiff was compelled to pay.

It was stated in the petition that no such persons as the grantors named in the deed existed, and that the acknowledgments attached to said deeds were fraudulently taken by said notary, whose duty it was to certify as to his personal acquaintance with the grantors.

Two other cases were tried with this one, from which they differed only in that in them the parties plaintiff directly loaned the money, whereas in this one plaintiff indorsed and paid the note secured by one of pretended deeds of trust.

Separate answers of several denials were filed by the notary and his sureties.

It was admitted by the sureties on the trial that, at the dates of the acknowledgment of the three deeds of trust out of which this action arose, no such persons as Morrell and Whipple, the ostensible grantors therein, existed.

The evidence tended to show that the notary filled out said acknowledgments in the absence of said pretended grantors, and gave the deeds and acknowledgments to one E. W. Greene. The latter says the notary did not know him. The notary says he had been introduced to Greene.

Plaintiff's evidence was, in substance, that he indorsed the note handed him by Greene solely on the faith of the acknowledgment and certificate to the deed securing it, knowing that the "property was good security for the amount;" that neither he nor the bank (which advanced the money on his indorsement) made

any examination of the title to the property; that "they thought the certificate of the notary and all being signed, sealed and delivered, looked sufficient for them;" that he relied entirely on the deed of trust and note in making the indorsement; that just before this suit was brought he called on the notary, who told him that he kept no record at that time of his official acts, and remembered nothing about the occurrence, and did not know whether he knew Greene or not.

The notary testified that Greene had been introduced to him by someone, and that he did not know *then* that he had to keep a record of his official acts.

The deeds of trust were offered in evidence. The acknowledgments were in the statutory form.

The court sitting as a jury found for the defendants, from which judgment this appeal is prosecuted.

The duties of a notary public in taking acknowledgments of deeds and certifying thereto are ministerial not judicial.

Judicial action is the power to decide rights of person or property in specific cases. It implies impartiality and disinterestedness on the part of the officer in weighing adverse claims. Although his decision in the first instance is according to his own conception of the law, it is ultimately *controlled* by the rights of the parties according to the law of the land. *Saline Co. v. Thompson*, 45 Mo. 53.

A duty is ministerial, when the law defines the time, mode and occasion, of its performance, so as to leave nothing to the exercise of judgment or discretion beyond the ascertainment of the facts which render the performance of the act a clear and specific duty. 19 Am. and Eng. Encyclopedia of Law, pp. 478, 479; 2 Shearman & Redfield on Negligence, sec. 594.

The only remaining question is whether or not plaintiff's failure to have the title examined was such

negligence on his part as to deprive him of the right of the present action.

It was the duty of the notary who certified to the acknowledgments of the deeds of trust, in case he did *not personally know the identity* of the party making the acknowledgments before him, to take evidence respecting it in a prescribed form, and to preserve that evidence, and the name of the witness, in a particular mode. *State to use v. Meyer*, 2 Mo. App. 422; R. S. 1889, secs. 2408, 2414, 2415. For failure to do this he is liable for any injury occasioned thereby.

It is also well settled that plaintiff had a right to assume that the notary's certificate was true, and that the veritable persons therein mentioned appeared before him and acknowledged the instruments as therein recited.

The law presumes that every public officer acting under the sanction of an oath, or in whom the government reposes a trust, does his duty until the contrary is proved. 19 Am. and Eng. Encyclopedia of Law, p. 459, and cases cited.

There can be no recovery in an, action for negligence, where the plaintiff's negligence caused the injury.

Applying these principles to the facts of this case, our conclusion is that plaintiff can not recover any substantial damages. The allegations of his petition and admissions on the trial show that *the* Morrell and Whipple were myths. There is not a particle of evidence that the title to the lands conveyed in trust was in any person bearing either of these names; indeed, plaintiff admits of record to the contrary.

Plaintiff had a right to assume that these supposititious characters were real personages; that deduction was a *prima facie* inference from the statements of the notary's certificate. If, therefore, it appeared from the

evidence that the loss to plaintiff could have been *prevented*, if the notary's certificate had been true, then plaintiff's right to recover would be unquestioned. That could not, however, be inferable, unless it is permissible *first* to presume that the pretended grantors existed, because the notary so certified; and, *secondly*, upon that presumption to found another, *i. e.*, that they owned the land *because* they existed.

The rule is that a presumption must be based upon a fact, and not upon inference or any other presumption. Rule 118, Lawson on Presumptive Evidence, p. 569. Besides the latter presumption, *i. e.*, that such persons (Whipple and Morrell) would have been owners of the land, if alive, is directly negatived by the express admissions of plaintiff in this case, that no persons of their names ever owned the land.

We think it demonstrable, therefore, that the injury could not have been caused to plaintiff by the false certificate of the notary, but that it was occasioned by plaintiff's failure to exercise ordinary care in examining the title to the land upon which he loaned his credit and money.

That a loss suffered by one's own negligence destroys his cause of action for substantial damages for the negligence of another, is elementary. This principle is, of course, applicable to the misfeasance of notaries. 2 Shearman & Redfield on Negligence, section 602; *Hatton v. Holmes*, 97 Cal. 208; *Heidt v. Minor*, 89 Cal. 115; *Bank v. Murfey*, 68 Cal. 460.

That the notary in this case was guilty of a flagrant breach of duty is not denied. This being an action on his bond given for the faithful performance of his duty as a public officer, it is clear that plaintiff is entitled to recover nominal damages for its breach. *Fulkerson v. Eads*, 19 Mo. App. 620; 1 Sutherland on Damages, p. 13.

To that end the judgment of the trial court is reversed, and the cause remanded with directions to the circuit court to render judgment therein for nominal damages. It is so ordered. All concur.

### ON MOTION FOR REHEARING.

ROMBAUER, P. J.—Two motions for rehearing have been filed in this case—one by the plaintiff on the ground that the loss sustained by him was the direct and proximate result of the notary's misconduct; the other by the defendant on the ground that no one can sue as relator on the bond of a notary, unless he has *sustained* a special injury from the officer's breach of the bond, and that plaintiff, having sustained no such injury, is not entitled to sue, and hence not entitled to recover even nominal damages.

Owing to the fact that the questions thus presented raise questions of first impression in this state, we have re-examined them anew. After such examination we adhere to our original opinion on both propositions, and will briefly state our reasons for so doing.

Section 7111 of the Revised Statutes of 1889 provides that a notary's bond may be sued upon by any person injured. The section does not limit the right of action to one who has sustained pecuniary injury. It necessarily limits it to one who is directly affected by the notary's act, although he may stand in no contract relation with the notary. That the plaintiff is thus affected admits of no doubt. As to him the notary was under an obligation to make a true certificate, and has admittedly made one which is untrue. He has violated *an official obligation to the plaintiff* which was enjoined upon him by law, and has given the plaintiff a cause of action against him and his sureties. The case of *Clifton v. Hooper*, 6 Q. B. 468, is in point. The

action in that case was against the sheriff for not executing a *ca. sa.* The jury found that the defendant was in default, but the plaintiff had sustained no damage. Judgment was given for the plaintiff for nominal damages. Lord DENHAM held that, when a clear right of a party is invaded, in consequence of another's breach of duty, he must be entitled to an action against the party *for some amount.* The failure to perform a duty is a legal wrong, independent of actual damage to the party for whose benefit such duty is done (1 Sutherland on Damages, p. 13, note 3); and there are many cases there cited, showing that the violation of a right with a possibility of damage forms the ground of an action. In *Hibbard v. Western Union Tel. Co.,* 33 Wis. 558, there was a failure on part of defendant to promptly deliver a message to purchase a quantity of wheat. Owing to this failure the sender of the message was *saved* considerable loss. It was held that there was a neglect of duty for which the sender was entitled to *nominal damages*, and that the fact that the defendant's failure of duty was beneficial to the plaintiff was no answer.

We think it is not only consonant with the analogies of decided cases, but is in keeping with the policy of the law touching the duty of public officers, that for every infraction of a duty on their part which they owe to any individual specially, such individual should have a cause of action against them, and that, where no pecuniary damages can be shown, the officer should be subjected at least to the payment of costs, as incidental to the damage which the law implies has resulted from his violation of official duty. Such was the conclusion heretofore reached by us. *State ex rel. v. Harrington,* 28 Mo. App. 287. See, also, *Metzner v. Graham* 66 Mo. 653; 2 Sedgwick on Damages, 160, 162; *Rowland v. Wood,* 4 Dana, 194; *Laflin v. Willard,* 16 Pick. 64.

Touching the plaintiff's motion for rehearing a re-examination of the case has still further satisfied us that his claim of having suffered pecuniary injury from the notary's dereliction of duty is wholly untenable. As in the case of *State ex rel. Mathews v. Boughton*, 58 Mo. App. 155, the plaintiff's pecuniary loss was wholly due to his own negligence.

While we do not consider the question as free from doubt, we conclude that the rule adopted in the majority of the American courts, and which holds public officers liable in their bonds for nominal damages, *at least* in all cases where they are guilty of a violation of their official duties, when sued by one towards whom they stand in a contract relation, is the more salutary rule.