FIDELITY & DEPOSIT COMPANY OF MARYLAND, Respondent, v. COLVIN & JACKSON, Appellants.

St. Louis Court of Appeals, February 13, 1900.

1. **Suit on Bond, Penal:** CONTRACT SECURED THEREBY: ERRONEOUS INSTRUCTION. In a suit on a penal bond, conditioned that the party making it, should comply with and faithfully execute a certain contract for which the bond was given to secure the performance of any breach thereof, would entitle the plaintiff to recover at least nominal damages, and an instruction ignoring that principle would be erroneous.

2. ——: ——: ——: SETTING ASIDE VERDICT. When an erroneous instruction is given and a verdict is rendered in accordance therewith, the law then presumes that such result may have been reached by reason of the erroneous instruction, and the verdict should be set aside, unless it should further appear that it was unquestionably for the right party upon the testimony, but in this case the court is unable to so *hold*, and the action of the trial court in setting aside the verdict, is affirmed.

Appeal from the Audrain Circuit Court.—*Hon. Elliott M. Hughes*, Judge.

AFFIRMED.

*O. Hitt* for appellant.

Said instruction is as follows:   "The jury are instructed that although they may believe from a preponderance of the evidence in the cause that defendant, Colvin, without just cause or excuse, abandoned the contract entered into between him and plaintiff, before the completion thereof, still unless it further appears from the evidence in the cause that plaintiff has sustained a damage by reason of such abandonment their verdict shall be for the defendant."   Assuming that the jury were reasonably sensible and fair minded men, it necessarily follows that they found from the evidence that Colvin had just and lawful cause to abandon his job when he quit work on the Simmons buildings, and that they did not find that he quit without just cause or excuse. Therefore, if said instruction was technically erroneous the new trial should not have been granted. R. S. 1889, sec. 2100; Matney v. Gregg Bros. Co., 19 Mo. App. 107. We call the court's especial attention to paragraph III, of this decision. A new trial should not be granted on account of an erroneous instruction if it is manifest that the complaining party was not injured thereby. Morris v. Railroad, 79 Mo. 367; Caldwell v. Stephens, 57 Mo. 589; Manerman v. Siemerts, 71 Mo. 101. Where the

instructions, taken as a whole, present the case fairly to the jury the giving of an instruction which omits a material fact essential to a recovery is not necessarily fatal, where there does not appear to be any dispute as to that fact, and where it is apparent that the appellant could not have been thereby prejudiced. Singer & Talcott Stone Co. v. Sinclair, 10 Mo. App. 593. In this case there was no dispute as to plaintiffs being entitled to actual damages if Colvin quit his job without sufficient cause; and, as we have said, Colvin's testimony shows that fact, and his testimony on this point was not contradicted by any witness. Even in a criminal case, if proper instructions are given, the judgment will not be reversed for the giving of others which are erroneous if they are harmless. State v. Hopper, 71 Mo. 425.

*Robt. L. McLaran* for respondent.

The sole question in this case, as set forth in appellants' statement, is whether the trial court erred in granting respondent a new trial on account of having given an erroneous instruction for appellants. The instruction is as follows: "The jury are instructed that although they may believe from the evidence in the cause that Colvin without being first ordered so to do by the witness Siebold, and without just cause or excuse, abandoned the contract entered into between him and the plaintiff, before the completion thereof, still unless it further appears by a preponderance of the evidence in the cause that plaintiff has sustained a damage by reason of such abandonment their verdict shall be for the defendants." In granting a new trial, the trial judge, in giving his reasons therefor says: "It is only necessary to refer to the adjudicated cases to show the error of this instruction." Fulkerson v. Eads, 19 Mo. App. 620; State to use v. Plass, 58 Mo. App. 148, and many others. Appellants' fourth point, that "this is an action upon a bond given by defendants to indem-

nify plaintiff, not against liability, but against damage," and that accordingly, plaintiff can only recover such damages as the evidence shows he has actually sustained, is not upheld either by the words of the bond itself nor by the case cited under this point. Ewing v. Reilly, 34 Mo. 113.

BLAND, P. J.—The petition in substance alleges that the plaintiff is a Maryland corporation, but doing business and having an office in the city of St. Louis, Missouri, where it is engaged in the general surety business; that in April, 1896, at the request of one J. W. Neal, it executed a bond as surety for said Neal to C. F. Simmons, conditioned that said Neal would erect a certain building in the city of St. Louis, for said Simmons, according to certain plans and specifications; that said Neal failed to erect said building, and that plaintiff, to save itself as the surety of said Neal and by his written consent, completed said building; that in September, 1896, plaintiff entered into a written contract with defendant Colvin, whereby Colvin, in consideration of $780 to be paid to him, contracted and agreed to furnish all the material and do all the work necessary for doing the painting and glazing of said building according to specifications; that Colvin and defendant Jackson for a consideration, executed and delivered to plaintiff their certain bond (sued on), in the penal sum of $800, conditioned for the faithful performance of Colvin's painting and glazing contract made with plaintiff. For breaches of the conditions of this bond plaintiff alleged that Colvin failed to perform his contract, failed to do all the work. or to furnish all the material necessary for the completion of his contract, but after partially completing said work and after having received from plaintiff $375 on account of work done on said contract, he quit and abandoned the work and left it in an unfinished condition; that to complete said work the plaintiff was compelled to, and did pay out for material

and labor the sum of $695.07 over and above the contract price agreed between it and Colvin, that the total cost of said work and labor was the sum of $1,473.07, and prayed judgment for the penalty of said bond and for execution for its actual damages, $695.07. With the petition was filed an itemized account of the cost in material and labor for the glazing and painting. The answer of defendants, omitting caption, is as follows:

"Now comes said defendants, leave of court first being had and obtained, and for their amended answer to the amended petition of plaintiff, deny each and every allegation and averment therein contained, except such allegations as are hereinafter specifically admitted."

Further answering the defendants allege:

"That defendant Colvin did on or about the first day of September, 1896, submit to plaintiff a proposition to do the painting and glazing of a certain three story store and flat building of one C. F. Simmons, then in the course of erection on the south side of Clark avenue in the city of St. Louis, Missouri, for the sum of $780, which proposition was accepted by plaintiff, and that, at about said time the defendants executed to plaintiff a bond in the sum of $800 for the faithful performance of said proposition by the said Colvin. Defendants admit that said Colvin did not complete the work he offered to do under the terms of said proposition; but allege that the reason of his failure to complete said work, was because of plaintiff's wrongful refusal to allow him to complete said work, and further allege that plaintiff failed to put said building in condition so that said Colvin could perform said work according to the terms of said proposition, and so failed and refused to keep its part of the agreement, entered into between said Colvin and plaintiff, that plaintiff was prevented from completing said work.

"And now having fully answered, defendants asked to be discharged with costs."

Colvin admitted that plaintiff paid him $375 on account of the work done on his contract, and that he owed $370 (one of the items in plaintiff's account), for glass used in the glazing of the building. Plaintiff's testimony was to the effect, that after Colvin abandoned his contract, it completed the painting and glazing of the building at a cost of $695.07 over and above Colvin's contract price, including the $370 glass account. On the part of defendants the evidence, and the apparent weight of the evidence is, that on Saturday, December 19, 1896, Colvin and his men were locked out of the building by Seibold, plaintiff's superintendent; that Colvin finding himself locked out notified his workmen to return on Monday morning, saying he would see for what reason he was locked out; that on the following Monday morning, before Colvin appeared at the building, Seibold employed George Meyers as foreman on the painting of the building, and then sent Meyers to Colvin with instructions to tell Colvin not to return. Meyers carried out his instructions from Seibold, and Colvin did not thereafter return or offer to complete the work, which he says was seven-eighths done when he was notified to quit. Seibold denied that he locked Colvin out, or that he sent word to him not to return to the building. The court, among other instructions to the jury, gave the following one on behalf of defendants:

"2. The jury are instructed that although they may believe from the evidence in the cause that Colvin, without being first ordered so to do by the witness Seibold and without just cause or excuse, abandoned the contract entered into between him and the plaintiff, before the completion thereof, still unless it further appears by a preponderance of the evidence in the cause that plaintiff has sustained a damage by reason of such abandonment, their verdict shall be for the defendants."

The jury found the issue for the defendants. Plaintiff

filed a motion to set aside the verdict and to grant a new trial, which was by the court sustained. After an unsuccessful motion to set aside the order granting a new trial defendants appealed.

The bond sued on is a penal one, conditioned that Colvin should comply with and faithfully execute his contract. If there was any breach of the bond plaintiff was entitled to recover, at least nominal damages, independent of any evidence that substantial damages had been sustained. Any breach of the bond was an invasion of plaintiff's legal right entitling it to an action and the recovery of some damages. Sutherland on Damages, p. 13, n. 3; State to use v. Plass, 58 Mo. App. 148; Fulkerson v. Eads, 19 Mo. App. 620. Instruction number 2, given for defendants, was clearly erroneous, and the court ruled correctly in granting a new hearing on account of this erroneous instruction, unless it clearly appears from all the evidence that the plaintiff was not prejudiced by the instruction. To arrive at such a conclusion we should be bound to find that the verdict of the jury could not be supported on any other theory than that the jury found that Colvin had a just cause to abandon his contract, and that as to this fact the evidence was substantially all one way. We are not able to so state, for the jury might have found from Colvin's testimony that seven-eighths of the work was done when he abandoned his contract; that the plaintiff could and should have finished the work at a cost not exceeding the balance that would have been due on Colvin's contract had he finished the work. We are bound to indulge the presumption that the court ruled correctly in granting the motion for a new trial. Indulging this presumption in the light of all the testimony, we can not say that the court erred, and affirm the judgment. All concur.